**T.M. HYLWA, M.D., INC.; T.M. Hylwa, M.D., Plaintiffs-Appellants,**

v.

**Gary PALKA, Defendant-Appellee.**

No. 86–5604.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1987.

Decided July 28, 1987.

Kenneth J. Catanzarite and Henry Nicholls, Bellflower, Cal., for plaintiffs-appellants.

J. Michael Echevarria, Los Angeles, Cal., for defendant-appellee.

Before PREGERSON and NORRIS, Circuit Judges, and BURNS,[*] District Judge.

NORRIS, Circuit Judge:

In the 1970's appellee Gary Palka was hired by appellant T.M. Hylwa, M.D. to render accounting services for Hylwa's medical practice in Kansas. In 1981 Hylwa discontinued his practice in Kansas and moved to California where he established a new medical practice through a newly formed California corporation, appellant T.M. Hylwa, M.D., Inc.[1] Even though Palka continued to live in Kansas, he went on providing accounting services to Hylwa's California medical practice. Palka performed most of the accounting services while at home in Kansas but traveled to California to work in Hylwa's offices for seven to ten days during each June from 1981 to 1983, and in August 1983 he returned to California to work on Hylwa's tax audit.

In 1985 Hylwa sued Palka in the Central District of California pursuant to the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, seeking a declaratory judgment establishing the amount of benefits owed Palka under Hylwa's various pension plans. Hylwa also asserted pendent state claims against Palka for negligence, breach of contract, and money had and received. The district court dismissed the complaint for want of personal jurisdiction over Palka because Palka "does not have the minimum contacts with California which are sufficient to satisfy traditional notions of fair play and substantial justice" within the meaning of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Hylwa appeals,[2] and we reverse.

## I

Under Fed.R.Civ.P. 4(e), a federal district court can assert personal jurisdiction to the extent authorized by a particular federal statute governing service of process for the action being heard or, where no such particularized statute applies, to the extent authorized by the law of the state in which the district court sits. *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 418–19 (9th Cir. 1977).[3]

---

[*] Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

1. For convenience we refer collectively to both appellants, T.M. Hylwa, M.D., and T.M. Hylwa, M.D., Inc., as "Hylwa".

2. Dismissal of a complaint is a final and appealable order when the district court intended the dismissal to dispose of the action. *Hoohuli v. Ariyoshi,* 741 F.2d 1169, 1171 n. 1 (9th Cir.1984). It is clear here that the court intended to dispose of the action, and both parties agree with this characterization. *See* Brief for Appellants at 10 ("order of dismissal with prejudice");

Brief of Appellee at 3 (court "dismissed the action").

3. Fed.R.Civ.P. 4(e) provides as follows:
 *(e) Summons: Service Upon Party Not Inhabitant of or Found Within State.* Whenever a statute of the United States or an order of court thereunder provides for service of a summons ... upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute.... Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons ... upon a party not an

Hylwa argues that section 1132(e)(2) of ERISA authorizes nationwide service of process[4] and that therefore the district court can constitutionally exercise personal jurisdiction over Palka even absent minimum contacts with California.[5] Palka responds that Hylwa cannot invoke section 1132(e)(2) in this declaratory judgment action and that Hylwa must rely instead on California's long-arm statute to acquire personal jurisdiction over him.

■ We assume without deciding that Hylwa cannot invoke ERISA's nationwide service of process provision here,[6] for we hold that the district court can constitutionally exercise personal jurisdiction over Palka pursuant to California's long-arm statute.[7] This statute provides that a "court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ.Proc.Code § 410.10 (West 1973). Because the statute "manifests an intent to exercise the broadest possible jurisdiction," *Sibley v. Superior Court*, 16 Cal.3d 442, 446, 128 Cal.Rptr. 34, 546 P.2d 322 (1976), its outer limit is " 'coextensive with the outer limits of due process under the state and federal constitutions, as those limits

have been defined by the United States Supreme Court.' " *Data Disk, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1286 (9th Cir.1977) (citation omitted). Therefore, the district court can exercise personal jurisdiction over Palka pursuant to this statute if Palka has sufficient contacts with the state of California so that requiring him to appear in the district court does not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (citation omitted).[8]

## II

"The district court's determination that an exercise of personal jurisdiction would violate due process is a question of law, reviewable de novo when the underlying facts are undisputed." *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir.1986).[9] The district court can assert "limited jurisdiction" over Hylwa's ERISA and state law claims if the following three-part test is satisfied:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself

inhabitant of or found within the state, ... service may ... be made under the circumstances and in the manner prescribed in the [state] statute or rule.

4. Section 1132(e)(2) provides as follows:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, *and process may be served in any other district where a defendant resides or may be found.*

29 U.S.C. § 1132(e)(2) (emphasis added).

5. *See Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir.1985) ("Where a federal statute ... confers nationwide service of process, 'the question becomes whether the party has sufficient contacts with the United States, not any particular state.' ") (citation omitted).

6. We note that, after oral argument was heard in this case, the Eleventh Circuit decided that a fiduciary may not invoke ERISA's liberal venue and service provision in an action against a plan participant seeking a declaratory judgment regarding the amount of benefits owed. *See Gulf*

*Life Ins. Co. v. Arnold*, 809 F.2d 1520 (11th Cir.1987).

7. Palka does not argue on appeal that the district court could not properly acquire jurisdiction over him pursuant to the California long-arm statute because he was not served process "in the manner prescribed" by California law. *See* Fed.R.Civ.P. 4(e). We therefore consider only whether California law authorizes the court to acquire personal jurisdiction "under the circumstances" present. *Id.*

8. According to *International Shoe* and its progeny, due process requires that a nonresident defendant have minimum contacts with the forum state before he can be haled into state court to answer *state* law claims. Because we find that Palka satisfies this test, we need not consider whether due process allows a state court to assert personal jurisdiction beyond the limits set by *International Shoe* when it hears cases involving *federal* claims.

9. The few disputed issues of fact are immaterial to our conclusion, as the undisputed facts alone establish sufficient contacts for the exercise of personal jurisdiction.

of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or results from the defendant's forum-related activities.

(3) Exercise of jurisdiction must be reasonable.

*Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir.1986); *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir.1986).

### A. Purposeful Availment

 Hylwa argues that Palka purposefully availed himself of the privilege of conducting business in California because, although Palka refused to move to California, he continued to render accounting services for Hylwa's California practice and he periodically traveled to California for that purpose. We agree with Hylwa that these undisputed facts show that Palka purposefully engaged in a business relationship with a California employer "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). By contracting to provide personal services after Hylwa reincorporated in California, Palka deliberately "created 'continuing obligations' between himself and residents of the forum ... [and] manifestly has availed himself of the privilege of conducting business there...." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1984) (quoting *Travelers Health Assn. v. Virginia,* 339 U.S. 643, 648, 70 S.Ct. 927, 930, 94 L.Ed. 1154 (1950)). That Palka rarely came into *physical* contact with the forum does not defeat jurisdiction; the Supreme Court has recognized that

> a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

*Id.; see Lake v. Lake,* 817 F.2d 1416 (9th Cir.1987) (California attorney subject to suit in Idaho for torts arising out of his use of deceit to obtain *ex parte* order in California because he knew order would be executed in Idaho).

 Palka suggests that the exercise of jurisdiction in California is not reasonable in light of the fact that Hylwa originally hired him to work in Kansas and that he remained there even after Hylwa moved his medical practice to California. Palka apparently contends that his contacts with California arose, not from any affirmative conduct on *his* part, but rather from the "unilateral activity of another party or a third person." *Burger King Corp.,* 471 U.S. at 475, 105 S.Ct. at 2183 (citation omitted). We agree that when the defendant cannot reasonably control his own vulnerability to suit, personal jurisdiction does not lie. *See, e.g., World-Wide Volkswagen,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (no personal jurisdiction over nonresident automobile distributor whose only tie to the forum resulted from a customer's decision to drive there); *Kulko v. California Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (no jurisdiction over nonresident husband sued for child-support payments whose only affiliation with the forum arose from ex-wife's and daughter's decision to settle there); *Hunt v. Erie Insurance Group,* 728 F.2d 1244 (9th Cir. 1984) (no jurisdiction over nonresident insurer whose only affiliation with the forum arose from accident victim's decision to move there for treatment).

While arguably Palka's *initial* contact with California was created by Hylwa's unilateral decision to move there, Palka's decision to continue serving as an accountant for Hylwa's California practice from 1981 to 1984 arose not from Hylwa's unexpected relocation but from Palka's continuing desire to benefit from the contractual relationship. Based on his ongoing performance of accounting services for a California enterprise, including his annual business trips to California, he should have

reasonably anticipated being haled into court in California for claims arising out of his employment. *See, e.g., Hirsch*, 800 F.2d at 1478–80 (when insurance company agreed to insure all employees of a second company, insurance company was subject to suit in California by new employee despite fact that no employees lived in California when insurance contract was signed, because insurance conpany subsequently accepted application from the new employee in California); *Plant Food Co-op v. Wolfkill Feed & Fertilizer Corp.*, 633 F.2d 155, 159 (9th Cir.1980) (shipper delivering fertilizer to Washington was subject to personal jurisdiction in Montana after someone else transported the fertilizer there because "[w]hen it knew the fertilizer was bound for Montana [the shipper] could have objected or made other arrangements if it found exposure to Montana's long-arm jurisdiction unacceptable").

### B. Forum-Related Activities

The dispute over the extent of Hylwa's obligation to pay Palka pension benefits is directly related to Palka's forum contacts in that the benefits accrued because of Palka's status as an employee of Hylwa, both before and after Hylwa moved his practice to California. The breach of contract and negligence actions arise out of Palka's alleged failure fully to perform his duties as an accountant, and the "money had and received" claim arises out of Palka's alleged overpayment of himself which allegedly occurred during June 1984 while Palka was physicially present in California. The state law claims therefore also arise directly out of Palka's forum contacts with California via his employment relationship with Hylwa.

### C. Reasonableness

Because Palka purposefully established minimum contacts with California, he can defeat the exercise of personal jurisdiction only if he "present[s] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. at 2184; *Hirsch*, 800 F.2d at 1481. The factors relevant to this inquiry may include: the extent of the defendant's purposeful interjection into the forum state's affairs; the burdens on the defendant; the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interests of the several states in furthering fundamental substantive social policies. *See, e.g., Hirsch*, 800 F.2d at 1481. According to these factors, the exercise of jurisdiction here would not be unreasonable:

—as discussed above, Palka "purposefully interjected" himself into California affairs by choosing to maintain an employer-employee relationship with a California-based corporation;

—Palka has sufficient contacts with California that the inconvenience of having to defend himself here is not unreasonable, and he may attempt to minimize this burden by seeking a change in venue, *see Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. at 2184;

—California has a strong interest in enforcing federal ERISA obligations in employer-employee relationships where one of the parties is a resident and has an even stronger interest in protecting its citizens from the tortious actions of nonresidents;

—Hylwa's interest in obtaining convenient and effective relief will be best served by litigating the action in California;

—California would be the most efficient forum for resolving the ERISA claim, as it is undisputed that almost all of the relevant witnesses and documents are present there; and

—exercise of jurisdiction in California will not unduly infringe upon Kansas' sovereignty, given that Kansas has no *greater* interest than California in resolving ERISA disputes or contract and negligence actions involving one of its residents.

Palka has therefore failed to carry his burden of showing compelling reasons why jurisdiction would not be reasonable.

## CONCLUSION

Based on the nature of Palka's forum-related activities and their relationship to the claims asserted, we conclude that California could, consistent with due process, exercise personal jurisdiction over Palka. Because California's long-arm statute extends to the limit of due process and is applicable in this action pursuant to Fed.R.Civ.P. 4(e), the district court erred in concluding that it could not exercise personal jurisdiction over Palka. We therefore reverse the district court's dismissal for want of personal jurisdiction.[10] Both parties' requests for attorney's fees on appeal pursuant to 29 U.S.C. § 1132(g) are denied.

REVERSED AND REMANDED.

---

10. Hylwa also argues in his brief that the district court abused its discretion by entering a Minute Order on November 20, 1985, denying Hylwa's motion to enjoin Palka from prosecuting a related ERISA action against Hylwa that was filed in federal district court in Kansas. Hylwa's notice of appeal, however, cites only the district court's order filed on January 14, 1986, and entered on January 16, 1986. E.R. Tab 2. That order dismissed the complaint for want of personal jurisdiction and contains no reference to Hylwa's motion for injunctive relief. Hylwa's motion for injunctive relief therefore is not before us.

We note that it is unclear from the record whether the district court's earlier minute order issued on November 20, 1985 denying Hylwa's motion for injunctive relief was based on the merits or based on the court's belief that it could not assert personal jurisdiction over Palka. In either case, the district court is free on remand to reconsider the appropriateness of enjoining Palka from prosecuting the Kansas action in light of our holding that the court can exercise personal jurisdiction over Palka in this action.