2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory C. KRUG, as an Individual, a Partner in Krug
Investments and a Beneficiary of the George
Charles Krug Trust, Plaintiff-Appellant,
v.
A. Philip LOMONACO, Defendant-Appellee.
 No. 92-56434.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.[1]
Decided Aug. 5, 1993.
 
 Before: BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gregory C. Krug appeals pro se the district court's dismissal of his action against A. Philip Lomonaco for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. Sec. 1291 and vacate and remand.
 
 
 3
 The facts of this case are contained in pleadings and affidavits submitted by the parties which are in many respects conflicting. The district court made no findings of fact. Therefore, we review the materials de novo to determine if Krug has made a prima facie showing of personal jurisdiction, treating his allegations as true except where they are disputed and unsupported by affidavit. See Brand v. Menlove Dodge, 796 F.2d 1070, 1072 (9th Cir.1986); Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1284-85 (9th Cir.1977).
 
 
 4
 Here, Lomonaco, an attorney practicing in Tennessee, represented Krug in a number of Tennessee and California actions between October 1990 and March 1992. Krug, a California resident, initially retained Lomonaco in October 1990 to represent Krug in a pending Tennessee action. Thereafter, Lomonaco represented Krug in two other Tennessee actions and was admitted pro hac vice in four of Krug's California actions. Two of the California actions overlapped with Krug's Tennessee actions, and the other two involved Tennessee law.
 
 
 5
 During Lomonaco's course of dealing with Krug, Lomonaco requested Krug's permission to initiate two of the Tennessee actions on Krug's behalf. According to Krug, Lomonaco also sought Krug's permission to be lead counsel in the pending California actions. Lomonaco's actual involvement in the California actions, however, was limited to discussing their status with Krug on several occasions, advising him on one occasion, representing him at a deposition which occurred in Tennessee, and serving a subpoena on his behalf in Tennessee. In addition, Lomonaco made numerous mail and telephone communications into California.
 
 
 6
 Krug filed the present action in the Central District of California, alleging (1) legal malpractice, (2) breach of contract, (3) breach of fiduciary duty, and (4) libel against Lomonaco.[2] Lomonaco moved to dismiss for lack of personal jurisdiction or, alternatively, to transfer venue. The district court dismissed the action for lack of personal jurisdiction over Lomonaco.
 
 
 7
 Jurisdiction in this case is constrained only by constitutional principles of due process, which "preclude[ ] a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state." See Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990). Krug does not claim that there is general jurisdiction over Lomonaco. Accordingly, we apply a three-part test to determine whether there is specific jurisdiction: (1) Lomonaco must have purposefully availed himself of the privilege of conducting activities within California, "thereby invoking the benefits and protections of the forum's laws;" (2) "the claim must arise out of or result from [Lomonaco's] forum-related activities;" and (3) "exercise of jurisdiction must be reasonable." See id. Because Krug raises four separate causes of action, the court must have personal jurisdiction over Lomonaco with respect to each claim. Data Disc, 557 F.2d at 1289 n. 8.
 
 A. Purposeful Availment
 
 8
 The normal incidents of Lomonaco's representation of Krug, such as making telephone calls and sending letters to California, do not constitute purposeful availment. See Sher v. Johnson, 911 F.2d at 1362-3. Furthermore, the mere fact that Lomonaco performed services for Krug in connection with the California actions is too attenuated to create a "substantial connection" with California. See id. at 1362-63.
 
 
 9
 Nevertheless, it is undisputed that Lomonaco undertook affirmative action to promote business within California. He requested Krug's permission to initiate two of the Tennessee actions on Krug's behalf and to be lead counsel in the pending California actions. In addition, by being admitted pro hac vice in Krug's California actions, Lomonaco "deliberately 'created continuing obligations between himself and residents of the forum....' " See T.M. Hylwa, M.D., Inc. v. Palka, 823 F.2d 310, 314 (9th Cir.1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1984).
 
 
 10
 Krug's first and second claims relate to Lomonaco's alleged incompetence throughout his representation of Krug. Based upon Lomonaco's entire course of dealing with Krug, we conclude that Lomonaco purposefully availed himself of the privilege of conducting business within California with respect to Krug's first and second claims. See Sher v. Johnson, 911 F.2d at 1363-64 (holding that California had jurisdiction over Florida law firm which represented California resident in one Florida trial because of letters, phone calls and trips to California and deed of trust executed in California as a condition precedent to the representation); T.M. Hylwa, M.D., Inc. v. Palka, 823 F.2d at 314 (holding that California had jurisdiction over Kansas accountant who performed accounting services for plaintiff even after plaintiff had relocated in California); Cubbage v. Merchent, 744 F.2d 665, 670 (9th Cir.1984) (holding that California had jurisdiction over Arizona hospital and its doctors where they recruited business in California and participated in California's Medi-Cal program).
 
 
 11
 Krug's third and fourth claims relate solely to Lomonaco's representation of Krug in the two Tennessee actions which Lomonaco requested Krug's permission to initiate on Krug's behalf. Lomonaco's representation of Krug in those actions, and hence Krug's claims arising out of that representation, resulted from Lomonaco's recruitment of business in California. Therefore, we conclude that Lomonaco purposefully availed himself of the privilege of conducting business within California with respect to Lomonaco's third and fourth claims. See T.M. Hylwa, M.D., Inc. v. Palka, 823 F.2d at 314; Cubbage v. Merchent, 744 F.2d at 670.
 
 B. Arising Out Of Forum-Related Activities
 
 12
 Krug's malpractice and breach of contract claims claims relate to Lomonaco's alleged incompetence throughout his representation of Krug. Lomonaco's California contacts were all part of that representation. See Sher v. Johnson, 911 F.2d at 1364. Krug's breach of fiduciary duty and libel claims relate solely to Lomonaco's representation of Krug in the two Tennessee actions which Lomonaco requested Krug's permission to initiate on Krug's behalf. Therefore, we conclude that all Krug's claims relate to Lomonaco's California contacts. See T.M. Hylwa, M.D., Inc. v. Palka, 823 F.2d at 314 (breach of contract and negligence claims arose out of defendant's California contacts where claims were based upon accountant's failure to fully perform his duties as an accountant); Cubbage v. Merchent, 744 F.2d at 670-(holding that California had jurisdiction over malpractice suit based upon treatment which occurred entirely in Arizona because treatment resulted from the defendants' recruitment of business in California).
 
 C. Reasonableness
 
 13
 Because Lomonaco has purposefully directed his activities to California, personal jurisdiction is presumptively reasonable and the burden is on him to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Sher v. Johnson, 911 F.2d at 1364.
 
 
 14
 Taking Lomonaco's allegations as true, Tennessee would be the more reasonable forum for this litigation. However, we cannot conclude that Lomonaco has shown " 'a severe disadvantage in comparison to his opponent' " if the litigation takes place in California. Id. (quoting Burger King v. Rudzewicz, 471 U.S. 462, 478 (1985)). Therefore, the exercise of jurisdiction is reasonable. See Sher v. Johnson, 911 F.2d at 1365.
 
 
 15
 Because the exercise of jurisdiction is reasonable, and in light of Lomonaco's purposeful direction of his activities to California in relation to Krug's claims, we hold that Krug has made a prima facie showing of personal jurisdiction over Lomonaco. See Sher v. Johnson, 911 F.2d at 1361. On remand, the district court may assume jurisdiction based upon the pleadings and other documents now before the court or, in its discretion, grant Lomonaco further opportunity to explore the jurisdictional issue in a Rule 12(d) preliminary proceeding, at which it may permit discovery and the presentation of evidence to resolve controverted factual questions. See Data Disc, Inc., 557 F.2d at 1289.[3]
 
 VACATED AND REMANDED.[4]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lomonaco's request for oral argument is denied
 
 
 [2]
 Lomonaco contends that Krug is only appealing the district court's dismissal of the legal malpractice and libel claims. Our examination of Krug's arguments on appeal reveals that this contention is without merit
 
 
 [3]
 Krug urges us to address whether venue is proper in California because of the district court's statement that it would have granted Lomonaco's motion to transfer venue if it had not granted the motion to dismiss. The district court did not order a transfer of venue, however. Therefore, we do not address this contention. Cf. Data Disc, Inc., 557 F.2d at 1289 (addressing whether venue was proper where district court did not address venue but appellee contended that court's decision should affirmed based upon improper venue)
 
 
 [4]
 In light of our decision, Krug's motion to amend the record and Lomonaco's motion to strike portions of Krug's reply brief are denied