**In re EL PASO APPAREL GROUP, INC., Debtor.**

**El Paso Apparel Group, Inc., Plaintiff/Appellant,**

**v.**

**Konigsberg Wolf & Co., Defendant/Appellee.**

**No. EP–01–CV–466–DB.**

United States District Court, W.D. Texas, El Paso Division.

Jan. 31, 2003.

Herbert Ehrlich, Scherr, Legate & Ehrlich, Steven C. James, James F. Scherr, El Paso, TX, for Appellant.

Bryan Harris Hall, Attorney at Law, Robert R. Feuille, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C., El Paso, TX, for Appellees.

*APPEAL FROM THE UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF TEXAS, EL PASO DIVISION, CASE NO. 98–32179-LK, CHAPTER 7.*

BRIONES, District Judge.

Appellant El Paso Apparel Group, Inc. ("EPAG"), Plaintiff in the underlying case, appeals two orders entered by the United States Bankruptcy Court for the Western District of Texas, El Paso Division. In the first order, entered on October 9, 2001, the Bankruptcy Court granted a Motion to Dismiss for Want of Personal Jurisdiction filed by Appellee Konigsberg Wolf & Co. ("Konigsberg"), one of several Defendants in the underlying action.[1] In the second order, entered on November 2, 2001, the Bankruptcy Court denied EPAG's Motion for Relief from Judgment. On January 22, 2002, EPAG filed a "Brief of Plaintiff/Appellant," appealing the decision of the Bankruptcy Court. Konigsberg filed a "Brief of Appellee" on February 8, 2002, to which EPAG filed a Reply Brief on February 22, 2002. Konigsberg then filed a "Response to Appellant's Reply Brief" on March 15, 2002, to which EPAG filed a "Sur–Reply Brief" on November 15, 2002.

The issue on appeal is whether the Bankruptcy Court erred in dismissing Konigsberg for lack of personal jurisdiction. After due consideration, this Court respectfully disagrees with the ruling of the Bankruptcy Court and finds that Konigsberg established sufficient contacts with the State of Texas for the Bankruptcy Court to properly exercise personal jurisdiction over it. Therefore, the Court reverses the ruling of the Bankruptcy Court and remands the case for further proceedings consistent with this opinion.

## STANDARD OF APPELLATE REVIEW

 Title 28 U.S.C. § 158 confers jurisdiction on district courts to hear appeals from the final judgments, orders, and decrees of bankruptcy courts sitting within the same judicial district. 28 U.S.C.A. § 158(a)(1) (West Supp.2002). When a district court reviews a bankruptcy court's decision, it functions as an appellate court and utilizes the same standard of review applied by a federal court of appeals. Because the determination of the exercise of personal jurisdiction is a question of law, the Court reviews the Bankruptcy Court's ruling *de novo. Mink v. AAAA Dev. LLC,* 190 F.3d 333, 335 (5th Cir.1999); *Bullion v. Gillespie,* 895 F.2d 213, 216–17 (5th Cir.1990).

## BACKGROUND

EPAG is a Texas corporation doing business in Texas. This appeal arises from an

---

1. Other named Defendants in the adversarial action are: Mark T. Lederman; CTL Purchasing Corporation; West Texas Apparel Group, LTD.; New Tex Group, Inc.; Judith Ames Corporation; Arturo S. Chavez; Lederman Realty Group; and EP/MEX International, Inc.

adversary proceeding instituted by EPAG against Defendant Mark T. Lederman ("Lederman"), who served as EPAG's president, chief executive officer, and controlling shareholder, and against other Defendant companies that Lederman controlled. EPAG brought the case in part to determine the Defendants' personal liability for EPAG's corporate debts. In February 2001, EPAG amended its Complaint to add Konigsberg as a Defendant. Konigsberg is a New York-based accounting firm that performed services for EPAG. Among others, the Amended Complaint includes claims against Konigsberg for professional negligence and for liability based on civil conspiracy, both related to the manner in which EPAG was operated and ultimately ceased to operate. In April 2001, Konigsberg filed a Motion to Dismiss for Want of Personal Jurisdiction, asking the Bankruptcy Court to dismiss it as a Defendant in the case. The Bankruptcy Court held a hearing on the matter on June 27, 2001, then considered a Brief in Opposition to the Motion to Dismiss, filed by EPAG after the hearing on September 5, 2001. By order entered on October 9, 2001, the Bankruptcy Court granted Konigsberg's Motion to Dismiss, indicating that it had reviewed all the pleadings and briefings related to the Motion, and determining that EPAG's arguments were not supported by the evidence admitted at the hearing. On November 2, 2001, the Bankruptcy Court also denied EPAG's Motion for Relief from Judgment, reiterating that the evidence EPAG presented was insufficient to support its jurisdictional assertion. EPAG now appeals the Bankruptcy Court's decisions.

## DISCUSSION

### A. *The Evidence*

As a preliminary matter, the Court must first settle the issue of what evidence is properly before it on appeal. EPAG provided excerpts of deposition transcripts to Konigsberg on the day of the hearing on Konigsberg's Motion to Dismiss, and ultimately filed full deposition transcripts with the Bankruptcy Court more than two months after the hearing, but before the Bankruptcy Court rendered the rulings that are at issue in this appeal. In the opening paragraph of its October 9, 2001 order, the Bankruptcy Court stated:

On June 27, 2001, the court held a hearing on the Motion to Dismiss for Want of Personal Jurisdiction filed by Defendant Konigsberg Wolf & Co. On September 5, 2001, the Plaintiff [EPAG] submitted its Brief in Opposition to the Motion to Dismiss. The court heard the evidence and argument of counsel *and has reviewed all pleadings and briefing related to this Motion* and has determined that the Motion to Dismiss should be granted. (Emphasis added.)

The closing paragraph of the court's order reads:

At the hearing, the Plaintiff failed to provide evidence of the matters which it asserts in its subsequently filed brief. After review of the evidence, the court has determined that the arguments of the Plaintiff are *not supported by the evidence admitted at the June 27 hearing.* The Motion to Dismiss should therefore be granted. (Emphasis added.)

Finally, in its November 2, 2001 order, the Bankruptcy Court concluded: *"After review of all the evidence,* the court has determined that the arguments of the Plaintiff are not supported by sufficient relevant evidence." (Emphasis added.) Based on these statements by the Bankruptcy Court, this Court concludes that, indeed, the Bankruptcy Court considered all the deposition transcripts submitted by EPAG, including those to which Konigs-

berg now objects, along with the other exhibits included in Plaintiff's "Exhibits to be Used in Defendant Konigsberg Wolf & Co.'s Motion to Dismiss for Want of Personal Jurisdiction," filed on September 10, 2001.

Konigsberg argues that, in its *de novo* review, this Court should not consider deposition testimony that EPAG submitted in violation of Local Court Rules of the United States Bankruptcy Court for the Western District of Texas ("Local Bankruptcy Court Rule") 9014(c) and 7016(f)(3), which require exhibits to be provided to the opposing party not less than five calendar days prior to the hearing. EPAG argues that, because Konigsberg failed to object before the Bankruptcy Court, it may not now raise the issue for the first time on appeal.

■■■■■ Federal Rule of Bankruptcy Procedure 9026 provides that Federal Rule of Civil Procedure 46 ("Rule 46") applies in cases under the Bankruptcy Code. FED. R. BANKR. P. 9026. Rule 46 specifies that "[f]ormal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, *at the time the ruling or order of the court is made or sought,* makes known to the court the action which the party desires the court to take or the party's objection to the action of the court and the grounds therefor. . . ." FED. R. CIV. P. 46 (emphasis added).[2] Federal Rule of Evidence 103 specifies:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and (1) **Objection.**—In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. . . .

FED.R.EVID. 103(a).[3] When a party fails to object to evidence, an appellate court may only review its admission for plain error. *Peaches Entm't Corp. v. Entm't Repertoire Assoc., Inc.,* 62 F.3d 690, 694 (5th Cir.1995) (citations omitted). "Plain error is error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity, or public reputation [of] judicial proceedings." *Id.* (citing *Permian Petroleum v. Petroleos Mexicanos,* 934 F.2d 635, 648 (5th Cir.1991)).

Konigsberg cites to several cases to support its argument that evidence submitted to the Bankruptcy Court in violation of Bankruptcy Rules should not be considered by this Court on appeal. First, Konigsberg relies on *In re Lawler,* 106 B.R. 943, 953–55 (N.D.Tex.1989), in which the District Court on appeal upheld the decision of the Bankruptcy Court not to consider untimely objections to a bankruptcy claim. Konigsberg also cites *In re Seatco, Inc.,* 259 B.R. 279, 284 (Bankr.N.D.Tex. 2001), in which the bankruptcy court refused to consider untimely filed objections to confirmation of the debtor's plan. The Court does not consider that these decisions lend support to Konigsberg's position. If anything, *Lawler* and *Seatco* may be read to support EPAG's position that Konigsberg's untimely objections to evi-

---

**2.** Rule 46 also provides that, "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party." FED. R. CIV. P. 46. Konigsberg, however, does not allege that the Bankruptcy Court denied it the opportunity to object to any of the evidence now at issue.

**3.** Federal Rule of Bankruptcy Procedure 9017 specifies that the Federal Rules of Evidence also apply in cases under the Bankruptcy Code.

**762**

dence should not be considered by *this* Court. Konigsberg also cites *In re Earl Roggenbuck Farms, Inc.*, 51 B.R. 913 (Bankr.E.D.Mich.1985), in which the bankruptcy court refused to consider untimely affidavits that the Government attempted to file in defense of a motion for summary judgment.[4] However, in *Roggenbuck*, the trustee, unlike Konigsberg, immediately objected to the bankruptcy court admitting the affidavits. *Id.* at 916.

■ In support of its assertion that the Bankruptcy Court erred by allowing EPAG to file post-hearing briefings and evidence, Konigsberg cites to *Truex v. Hearst Communications, Inc.*, 96 F.Supp.2d 652 (S.D.Tex.2000), for the proposition that a response to a reply in a summary judgment proceeding should be filed only with leave of court. In *Truex*, however, after the plaintiff filed the objectionable response, the defendant filed a motion to strike the response. Prior to the district court ruling on the motion to strike, the plaintiff filed a motion for leave to file the response, which the court granted. *Id.* at 653 n. 2. The court then denied the defendant's motion to strike. *Id.* In a similar sequence of events, the court in *In re CLC of America, Inc.* granted leave to file a post-hearing brief. 68 B.R. 512 (Bankr.E.D.Mo.1986). It is clear that a court, in its discretion, may consider untimely submissions when it is in the interest of justice, and particularly in the absence of any objection thereto. *See*

*Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir.1998).

There is no evidence that Konigsberg ever lodged an objection to the evidence prior to the Bankruptcy Court rendering its decisions, nor did it object to EPAG's post-hearing submissions. At the June 27, 2001 hearing, counsel for Konigsberg remarked to the court that he had just that day received additional transcripts from EPAG. He did not, however, state an objection to the court, nor did he ask the court not to consider the transcripts. Konigsberg correctly points out that EPAG never admitted the transcripts into evidence at the hearing. EPAG did, however, ultimately file the complete deposition transcripts, along with numerous other documents relating to tax returns, on September 10, 2001, as "Exhibits To Be Used in Defendant Konigsberg Wolf & Co.'s Motion to Dismiss for Want of Personal Jurisdiction."

Konigsberg's assertion that it objected in its "Response to Plaintiff's Memorandum and Motion for Relief from Judgment," filed with the Bankruptcy Court, is similarly unpersuasive. In that Response, Konigsberg specifically argues to the Bankruptcy Court that the transcripts should not be considered by the court in its decision because they were untimely filed. However, Konigsberg's Response was tendered no earlier than November 7, 2001, five days *after* the Bankruptcy Court entered its last order.[5] Konigsberg's purported objection was too late.

---

4. Konigsberg mistakenly asserts that in *Roggenbuck*, a District Court, considering an appeal of a bankruptcy court decision, refused to consider untimely affidavits. In fact, the opinion in *Roggenbuck* was rendered by United States Bankruptcy Judge Arthur J. Spector in the context of considering the untimely filing of affidavits in defense of a motion for summary judgment. *Roggenbuck*, 51 B.R. at 915, 916. Unlike the instant case, the bankruptcy court's decision was not appealed.

5. The copy of Konigsberg's Response included in the record presented to this Court on appeal is stamped "Received November 8, 2001." It is not clear to the Court by whom the Response was received. There is no date-stamp from the Clerk of the Bankruptcy Court indicating the Response was filed. In its certificate of service, however, Konigsberg indicates that the Response was served on EPAG on November 7, 2001.

Konigsberg asserts that, because the transcripts were not timely filed pursuant to the Bankruptcy Rules, it need not object to their inclusion in the record. The Court disagrees and is of the opinion that Konigsberg has waited too late to raise the point. Konigsberg could have objected at the hearing on June 27, 2001, but it did not. Likewise, during the nearly two-month period between September 10, 2001, when EPAG filed the full deposition transcripts with the Bankruptcy Court, and November 2, 2001, when the Bankruptcy Court entered its last order denying EPAG's Motion for Relief from Judgment, Konigsberg could have objected to EPAG's post-hearing submissions, but it failed to do so.

In the absence of any objections, the Bankruptcy Court made the untimely deposition transcripts and other post-hearing submissions part of the record and chose to consider all the evidence provided by both Parties. This Court sees no error in the Bankruptcy Court's decision to consider all the evidence presented, much less error that would affect the fairness, integrity, or public reputation of this or any other judicial proceeding so as to constitute plain error.

In conducting a *de novo* review, this Court must "consider what was before the trial court, no more and no less." *In the Matter of Hinsley,* 201 F.3d 638, 645 n. 12 (5th Cir.2000) (citing *King v. Ames,* 179 F.3d 370, 374 n. 4 (5th Cir.1999)). That is not to say that the Court approves of the piecemeal and haphazard manner in which EPAG's counsel submitted its evidence to the Bankruptcy Court. Nonetheless, the Court must consider all the evidence included in the record, as did the Bankruptcy Court.

## B. Personal Jurisdiction

For Konigsberg to be subject to the personal jurisdiction of the Bankruptcy Court, the Texas long-arm statute must confer personal jurisdiction over Konigsberg and the exercise of that jurisdiction must be consistent with due process under the Constitution of the United States. *Mink,* 190 F.3d at 335. The Texas long-arm statute has been interpreted to extend to the limits of due process, so the Court need only determine whether the exercise of personal jurisdiction over Konigsberg would comport with the Due Process Clause of the Fourteenth Amendment. *Id.* When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing a *prima facie* case for the court's personal jurisdiction over that defendant. *Bullion* 895 F.2d at 216–17. On a motion to dismiss for lack of jurisdiction, uncontroverted facts must be taken as true, while those facts at issue must be resolved in the plaintiff's favor. *Id.* at 217.

Under the Due Process Clause, a court may exercise personal jurisdiction over a defendant when (1) the defendant has purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Mink,* 190 F.3d at 336 (citing *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir.1999) and *Intern'l Shoe Co. v. State of Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "The defendant's connection with the forum state should be such that [it] reasonably should anticipate being haled into court there." *Marathon Oil Co. v. A.G. Ruhrgas,* 182 F.3d 291, 295 (5th Cir. 1999) (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

A defendant's minimum contacts with a forum state may give rise to either specific or general personal jurisdiction. *Marathon Oil,* 182 F.3d at 295. The exercise of specific jurisdiction is appropriate where the minimum contacts "arise from or are directly related to the cause of action." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). General jurisdiction, on the other hand, relates to contacts, even if unrelated to the cause of action, which "are continuous, systematic, and substantial." *Id.*

When analyzing whether or not the exercise of personal jurisdiction offends traditional notions of fair play and substantial justice, "[a] court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (quoting *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564).

### C. Konigsberg's Contacts with Texas

Konigsberg asserts that it has insufficient contacts with the State of Texas for this Court to properly exercise personal jurisdiction over it. Essentially, Konigsberg argues that the services it provided to EPAG were limited to the filing of federal income tax returns and the preparation of financial statements, and that these services were performed exclusively in New York using documents and information provided to it in New York. EPAG, on the other hand, alleges that Konigsberg

also prepared Texas franchise tax returns for EPAG, along with performing ongoing accounting work for EPAG and other Texas companies.

The crux of EPAG's Complaint against Konigsberg is that, during the period from 1993 to 1998, Konigsberg assisted the other Defendants to improperly strip EPAG of its assets, leaving EPAG in bankruptcy and its shareholders with nothing. The evidence shows that Konigsberg is a New York accounting firm which, during the period in question, performed various accounting services for EPAG and the Defendants in this case. Those services included providing advice, preparing financial statements, conducting audits, preparing federal income tax returns, and in some cases preparing Texas franchise tax returns. The evidence also shows that Lederman was securely at the helm of EPAG during the time period in question.

It is well settled that non-resident professionals who purposefully avail themselves of the laws or business opportunities of another state may be subject to the personal jurisdiction of courts in that state. *See e.g., Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 259–60 (11th Cir.1996) (finding sufficient minimum contacts to support exercise of personal jurisdiction by a court in Florida over Michigan attorneys and certified public accountant ("CPA") where the attorneys and the CPA provided legal and accounting services from Michigan to Florida client concerning estate planning and taxation for estate to be probated in Florida); *Busch v. Buchman, Buchman & O'Brien,* 11 F.3d 1255, 1257 (5th Cir.1994) (allowing court in Texas to exercise personal jurisdiction over New York attorney who only performed work in New York, because attorney knew his opinion would be included in materials sent to Texas and relied upon there); *Bullion,*

895 F.2d at 217 (upholding the exercise of personal jurisdiction by a federal court in Texas over a California doctor where the doctor provided medical advice from California and mailed drugs to patient in Texas); *T.M. Hylwa, M.D., Inc. v. Palka,* 823 F.2d 310, 313–14 (9th Cir.1987) (finding sufficient minimum contacts for court in California to exercise jurisdiction over Kansas accountant where accountant's Kansas client moved to California and accountant continued to provide services from Kansas while traveling to California annually at most to confer with client).

For EPAG, Konigsberg prepared financial statements and, at least, federal income tax returns. Most significantly, however, Konigsberg provided extensive and continuing advice to Lederman, in his capacity as EPAG's president, chief executive officer, and controlling shareholder, concerning EPAG's financial management, operation, and ultimate shut-down. There is no doubt that Konigsberg knew that its services would be used by EPAG, through Lederman, in conducting its business in Texas. The manner in which EPAG operated in Texas and Konigsberg's involvement are the subject matter of the instant cause.

## CONCLUSION

From this, the Court concludes that Konigsberg established minimum contacts with Texas that are directly related to EPAG's causes of action and are sufficient to allow a court in Texas to exercise specific personal jurisdiction over Konigsberg. The Court further finds that, because of the extent and nature of the contacts, and because Konigsberg knew that EPAG was operating in Texas in significant reliance on Konigsberg's advice, Konigsberg should reasonably have anticipated being haled into court in Texas. Therefore, the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

In sum, the Court is of the opinion that EPAG has established a *prima facie* case for the Bankruptcy Court's personal jurisdiction over Konigsberg. Therefore, the Court reverses the ruling of the Bankruptcy Court and remands the case for further proceedings consistent with this opinion.

Accordingly, **IT IS HEREBY ORDERED** that the rulings of the Bankruptcy Court as reflected in its "Order Granting Motion to Dismiss for Want of Personal Jurisdiction Filed By Konigbserg Wolf & Co.," entered on October 9, 2001, and its "Order Denying Motion for Relief from Judgment," entered on November 2, 2001, are **REVERSED.**

**IT IS FURTHER ORDERED** that the instant cause is **REMANDED** for further proceedings consistent with this opinion.