**INTER–COLLEGIATE PRESS, INC., a corporation, Plaintiff,**

v.

**Frank MYERS, Defendant.**

**Civ. A. No. 81–2165.**

United States District Court, D. Kansas.

Aug. 5, 1981.

John M. Edgar, Stinson, Mag & Fizzell, Kansas City, Mo., George A. Lowe, Lowe, Terry & Roberts, Olathe, Kan., for plaintiff.

DeWitt M. Shy, Jr., Burch, Porter & Johnson, Memphis, Tenn., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the Court upon plaintiff's motion for a temporary restraining order. In response, the defendant has filed a motion to dismiss for insufficiency of service of process, lack of *in personam* jurisdiction, and lack of venue. Because the defendant has attacked the power of the Court to issue a temporary restraining order, the motion to dismiss will be considered first.

Plaintiff brought this action for a breach of an employment contract. Plaintiff is a corporation organized under the laws of the state of Delaware with its principal place of business in Shawnee Mission, Kansas. It is engaged in the business of making and selling yearbooks, commencement announcements, diplomas and other similar school memorabilia for high schools, colleges and communities. Defendant is an individual residing in Memphis, Tennessee, who had a contract with plaintiff to act as a dealer of plaintiff's products in an eleven-state area. As part of his contract, defendant agreed to give a thirty-day notice prior to terminating the contract, and not to compete within the area for a period of two years. Plaintiff alleges that defendant has violated this contract by terminating his employment without thirty-days notice, and by soliciting and selling to plaintiff's customers products of a competing company. Plaintiff seeks injunctive relief to enforce the restrictive covenant.

The defendant first alleges that the action should be dismissed for insufficiency of service. At this juncture in the lawsuit, such a basis is not well-taken. The Court is aware that in other districts across the country the United States Marshal's Service has a certain amount of lag-time in serving summons. Nothing has been alleged in this case that would lead the Court to believe that the defendant will not be served in the course of ordinary process. Therefore, the motion to dismiss will not be granted on this basis at this time.

The defendant asserts as his second basis for the motion to dismiss that the Court lacks personal jurisdiction over the defendant. In *Thermal Insulation Systems, Inc. v. Ark-Seal, Corp.*, 508 F.Supp. 434 (D.Kan. 1980), the Honorable Richard D. Rogers recently set out the appropriate analysis to be followed when considering personal jurisdiction questions:

" . . . First, it must be determined whether the defendant's conduct falls within the scope of any of the enumerated provisions of the Kansas long arm statute. Then, it must be determined whether the defendant's contacts with the state of Kansas are sufficient to meet the due process requirements set out in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945), and further developed in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), and *Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), and most recently in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Both the statutory and constitutional requirements must be met for this court to assert personal jurisdiction over the defendant. . . ." *Id.* at p. 436.

■ Plaintiff asserts that this Court has personal jurisdiction over the defendant under the provisions of K.S.A. 60–308(b)(1) and (b)(5). These sections provide:

"(b) *Submitting to jurisdiction—process.* Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(1) The transaction of any business within this state;

\* \* \* \* \* \*

"(5) Entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state;"

This statute reflects a "conscientious state policy to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause of the Fourteenth Amendment to the Constitution of the United States." *Woodring v. Hall,* 200 Kan. 597, 602, 438 P.2d 135, 181 (1968). Based on the facts presented to this Court at the hearing on July 15, 1981, the defendant is clearly subject to the jurisdiction of the courts in the state of Kansas under K.S.A. 60–308.

At the hearing on July 15, 1981, the testimony clearly showed the extensive business transacted by defendant in this state. The defendant was trained by plaintiff in this state, and he returned for annual meetings every year since his affiliation with plaintiff. Furthermore, he visited the home office at least once every four to six weeks, and dealt directly with the home office rather than through a regional supervisor. Additionally, he received numerous supplies from plaintiff, many of which he picked up personally while in Kansas. Plaintiff also paid, from Kansas, for defendant's WATS line, an IBM typewriter, and numerous other supplies and samples. Defendant had many telephone conversations with plaintiff in Kansas with regard to pricing, and his consultations with plaintiff with regard to competitive bidding and establishing a bid price were extensive. Finally, the activities resulted in almost one-third of one million dollars worth of business coming into the state of Kansas, and defendant's commissions on that business were paid from plaintiff's home office in Kansas. Accordingly, it is evident that the defendant had extensive business dealings in this forum which were for his benefit as well as the plaintiff's. They were necessary for the adequate servicing of his accounts, for which he received commissions, and on at least several occasions, defendant received materials and supplies necessary for conducting his business while he was in Kansas. As a result, defendant's activities fall squarely within the definition of "transacting business" found in *Woodring v. Hall,* 200 Kan. at 600, 438 P.2d at 145.

" . . . In a broad sense, 'business' is transacted within the state when an individual is within or enters this state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his desires. . . ." 200 Kan. at 607.

Thus, considering all the defendant's business activities, we find that the defendant did transact business in Kansas within the meaning of K.S.A. 60–308(b)(1).

■ We now turn to an analysis under the due process considerations as they operate as a limitation on jurisdiction over nonresidents. Under due process analysis, a court must look to the "quality and nature" of the defendant's activity to determine whether it is both "reasonable" and "fair" to require the defendant to conduct his defense in the forum state. *Kulko v. California Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). In addition, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228,

1239, 2 L.Ed.2d 1283 (1958). Further, in considering the "minimum contacts" with the forum state, the Court should determine if "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Here, the defendant chose to be employed by a corporation with its principal place of business in Kansas. He was present within the state on numerous occasions as part of his employment with plaintiff. Payment for his services and expenses were made in Kansas. Under the due process analysis, we find that jurisdiction is proper under this set of facts. The defendant availed himself of the benefits of the laws of Kansas by seeking employment with a Kansas-based employer. He knew who he was employed by and could readily foresee and anticipate that any complaints regarding his employment would originate in the Kansas-based office.

Having found that jurisdiction exists under K.S.A. 60–308(b)(1), we deem it unnecessary to consider the other basis for jurisdiction alleged by plaintiff.

█ Defendant further attacks the authority of the Court to enter a temporary restraining order by challenging the venue of this particular action. Defendant relies exclusively on *Inter-Collegiate Press, Inc. v. Gorton*, No. 75–15–C2 (D.Kan.1975), and on 28 U.S.C. § 1391(a) for support of his position. Both the *Gorton* case and defendant cite *American Cyanamid Co. v. Hammond Lead Products, Inc.*, 495 F.2d 1183 (3rd Cir. 1974), for the proposition that a corporation is a resident within the meaning of 28 U.S.C. § 1391(a) only in the state in which it is incorporated. We are aware of the many decisions which follow that line of reasoning. *See Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264 (7th Cir. 1978); *Manchester Modes, Inc. v. Schuman*, 426 F.2d 629 (2nd Cir. 1970); *Carter-Beveridge Drilling Co. v. Hughes*, 323 F.2d 417 (5th Cir. 1963); *Robert E. Lee & Co. v. Veatch*, 301 F.2d 434 (4th Cir. 1961), *cert. denied* 371

U.S. 813, 83 S.Ct. 23, 9 L.Ed.2d 55 (1962); *International Patent Development Corp. v. Wyomont Partners*, 489 F.Supp. 226 (D.Nev. 1980). We believe, however, that the better view with regard to residence of a corporation for venue purposes is found in *Munsingwear, Inc. v. Damon Coats, Inc.*, 449 F.Supp. 532 (D.Minn.1978). In that case, the plaintiff was a Delaware corporation with its principal place of business in Minnesota. The Court there rejected a challenge to the venue based on the residency of the plaintiff by stating:

> "Venue rules are intended to facilitate convenience of the parties, and the convenience of the plaintiff, who chose the forum, normally should be given deference. *Gardner Eng. Corp. v. Page Eng. Co.*, 484 F.2d 27, 33 (8th Cir. 1973). Given these principles, it makes little sense to adopt a rule whereby a plaintiff corporation is not considered a resident, for venue purposes, of the state where its principal place of business is located simply because it chose for business purposes to incorporate in a state other than the one where it in fact does most of its business. *See National Equip. Rental, Ltd. v. Sanders*, 271 F.Supp. 756, 759–60 (E.D.N.Y. 1967). Therefore, venue is proper in Minnesota because plaintiff is a resident of Minnesota." 449 F.Supp. at 536–37.

The Court in *Munsingwear* reached this result without applying 28 U.S.C. § 1391(c) to corporate plaintiffs. Rather, it decided on the common-sense ground that indeed a corporate plaintiff is a resident of the state wherein it has its principal place of business. Therefore, we conclude that the plaintiff in this action is a resident of Kansas, and that venue properly lies in this district under 28 U.S.C. § 1391(a).

Venue is also proper in this district under 28 U.S.C. § 1391(a) in that this district is one in which the claim arose. The facts in this case clearly show that the defendant had numerous contacts and obligations that he was to perform within the state of Kansas. Part of his contractual obligation was to report directly to plaintiff's home office in Kansas. By his alleged breach of the

contract, defendant breached his duty to report to the home office, and, thus, that breach occurred within this jurisdiction. Further, defendant has failed to return certain supplies and materials to the home office as he was contractually bound to do. Thus, we find that venue is proper within this district, as it is one of several in which the claim arose.

Having determined that this Court has jurisdiction and venue over the subject matter and parties of this case, we deny defendant's motion to dismiss and will determine the merits of the request for a temporary restraining order.

F.R.C.P. 65(b) provides that a temporary restraining order may be granted if it appears that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party can be heard in opposition. Here, defendant appeared at the hearing for the temporary restraining order. Plaintiff introduced evidence that defendant was soliciting and selling to plaintiff's customers the products of a competing company, causing plaintiff to lose sales, business, customers and customer goodwill. We find that such activity is causing immediate and irreparable injury and loss to plaintiff because of the extreme difficulty and uncertainty in restoring goodwill among the customers and regaining the business of customers who are being, and will be, induced away or lost by the plaintiff. Therefore, the application for a temporary restraining order will be granted.

IT IS BY THE COURT THEREFORE ORDERED that the motion to dismiss is hereby denied. IT IS FURTHER ORDERED that the application for a temporary restraining order is hereby granted and that the defendant is temporarily restrained from breaching his agreement not to directly or indirectly sell or offer to sell, or in any way assist in selling or offering to sell, any products which are similar to those offered for sale or sold by plaintiff, (i) to any school or other customer of plaintiff which is located in any territory to which defendant was assigned under the agreement at any time within a two-year period prior to the date of the order, or (ii) to any school or other customer to which defendant was specifically assigned under the agreement at any time within a two-year period prior to the date of the order to not, directly or indirectly, (a) divert or attempt to divert any business from plaintiff, or (b) entice, induce or in any manner influence any person who is, or shall be, in the service of plaintiff to leave such service for the purpose of engaging in a business which is in competition with plaintiff. This Temporary Restraining Order shall become effective upon plaintiff's posting of a bond in the amount of Twenty-Five Thousand Dollars ($25,000).

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire by its terms on August 14, 1981, at 9:30 a. m., unless otherwise extended by this Court, at which time the Court will hear evidence and arguments of counsel relating to the question of whether a preliminary injunction should be issued.