Alexander J.R. LEE, Appellant–
Defendant

v.

GOSHEN RUBBER COMPANY,
INC., Appellee–Plaintiff.

No. 20A05–9307–CV–242.

Court of Appeals of Indiana,
Fifth District.

June 13, 1994.

Transfer Denied Sept. 26, 1994.

William J. Nye, Elkhart, for appellant.

Alan L. Weldy, Yoder Ainlay Ulmer & Buckingham, Goshen, for appellee.

SHARPNACK, Chief Judge.

Alexander J.R. Lee appeals the trial court's denial of his motion to dismiss for lack of personal jurisdiction. We affirm. Lee raises one issue on appeal, which we restate as whether Lee had sufficient minimum contacts with the State of Indiana to permit the exercise of personal jurisdiction over Lee.

Goshen Rubber Company, Inc. (Goshen Rubber) is an Indiana corporation doing business in Goshen, Elkhart County, Indiana. At all times relevant herein, Lee was a resident of North Carolina. In late 1984, Lee responded to an advertisement that Goshen Rubber had placed in a Greensboro, North Carolina newspaper. Goshen Rubber hired Lee as a salesman and employed him from December 3, 1984, through October 17, 1990. Lee was in Goshen from December 3 through December 7, 1984, for his initial training. In addition, he was in Goshen from July 6 through July 9, 1988, for meetings and to assist during a strike. Lee regularly communicated by telephone with his superiors in Goshen regarding business matters and other issues related to his employment. Lee also regularly corresponded with Goshen Rubber by mail from his home in North Carolina, including the submission of sales materials, expense vouchers, and other claims which form the basis of Goshen Rubber's lawsuit against Lee.

Goshen Rubber filed a complaint against Lee on December 26, 1991, claiming that Lee had breached his contract of employment by not working exclusively for Goshen Rubber, had submitted fraudulent expense vouchers and claims for car payments and insurance, and had converted funds Goshen Rubber reimbursed to him. On February 7, 1992, Lee moved to dismiss for lack of personal jurisdiction. On February 24, 1992, Lee moved for change of venue from the judge. On April 27, 1993, the trial court, acting with a new judge, denied Lee's motion to dismiss. On September 27, 1993, this court granted Lee's petition for interlocutory appeal.

A defendant may challenge the jurisdiction of the trial court over him either by affirmative defense as enumerated in Ind. Trial Rule 8(C) or by motion to dismiss pursuant to T.R. 12(B)(2). When a defendant attacks the jurisdiction over his person, he bears the burden of proof upon that issue by a preponderance of the evidence, unless the lack of jurisdiction is apparent upon the face of the complaint. *Weenig v. Wood* (1976), 169 Ind.App. 413, 349 N.E.2d 235, 240–41, *trans. denied.*

Lee argues that the trial court lacks personal jurisdiction over him, and that therefore, the trial court erred in denying his motion to dismiss. Goshen Rubber argues that Lee had sufficient minimum contacts with the State so as to satisfy the require-

ments of Indiana's long-arm statute, which provides, in pertinent part:

> "Any person or organization that is a non-resident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:
>
> (1) doing any business in this state;
>
> (2) causing personal injury or property damage by an act or omission done within this state;
>
> (3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;
>
> (4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state; ..."

T.R. 4.4(A)(1), (2), (3), (4). We agree with Goshen Rubber.

In *Tietloff v. Lift A–Loft Corp.* (1982), Ind.App., 441 N.E.2d 986, this court summarized the factors to be considered in employing Indiana's long-arm statute:

> "To exercise jurisdiction consonant with due process over a non-resident defendant, 'certain minimum contacts' must exist between the non-resident defendant and the forum 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 *quoting Milliken v. Meyer* (1940) 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278. A mechanical or quantitative evaluation of a defendant's activities in a state cannot resolve the question of the reasonableness of the exercise of personal jurisdiction. Rather, it depends upon the quality and nature of the defendant's activity in relation to the matter under litigation. *Hutson v. Fehr Bros.* (8th Cir.1978) 584 F.2d 833 (construing Arkansas law).

The facts of each case must be weighed. At a minimum, the court must find 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' *Hanson v. Denckla* (1958) 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283. The inquiry focuses not only upon the quantity, quality and nature of the defendant's activities but also upon the relationship of those activities and the forum. *Rush v. Savchuk* (1980) 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516; *Kulko v. California Superior Court* (1978) 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132; *Shaffer v. Heitner* (1977) 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683. The focus is on the defendant's activities within the forum state, not on those of the plaintiff. *World Wide Volkswagon v. Woodson* (1980) 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490.

The factors to be considered in determining whether fair play and substantial justice standards have been met may be summarized as follows: (1) The nature and quality of the contacts with the forum state; (2) the quantity of contacts with the state; (3) the relationship between those contacts and the cause of action; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *See Aftanase v. Economy Baler Co.* (8th Cir.1965) 343 F.2d 187, 197. The first three are the primary factors in determining whether *International Shoe* standards are met. *Id.*"

*Tietloff,* 441 N.E.2d at 989.

The nature and quality of Lee's contacts with Indiana are significant. The affidavit of Robert Alexander, vice president of finance for Goshen Rubber, shows that Lee was acting as an employee of Goshen Rubber on the two occasions that he was in Indiana. Moreover, Lee used the telephone and the mail in his six years of employment to maintain contact with Goshen Rubber in Indiana for employment-related matters such as submission of expense vouchers.

The quantity of Lee's contacts is significant also. The affidavits of Alexander and

Lee show that in addition to the occasions when Lee came to Goshen Rubber for training and work during a strike, Lee contacted Goshen Rubber by use of the telephone and the mail on an ongoing basis as part of his employment with the company.

There is a significant nexus between Lee's contacts and Goshen Rubber's cause of action. Lee submitted numerous expense vouchers and other claims between 1984 and 1990 to Goshen Rubber at its Elkhart County headquarters and received a full-time salary from Goshen Rubber during his six years of employment while employed full-time by another company. Goshen Rubber alleges in its complaint that Lee breached his contract, submitted fraudulent expense vouchers and other claims, and converted funds reimbursed to him.

The instant case falls squarely within the factual parameters of *Woodmar Coin Center, Inc. v. Owen* (1983), Ind.App. 447 N.E.2d 618. In *Woodmar*, the plaintiff was an Indiana Corporation with its principal place of business in Lake County, Indiana. *Id.* at 619. The defendant was a resident of Texas who read plaintiff's newspaper advertisement and placed a telephone call to the plaintiff regarding the possibility of purchasing some coins. *Id.* There were several subsequent telephone calls; some initiated by each party. *Id.* The parties reached a verbal agreement regarding the purchase of some coins. *Id.* The plaintiff subsequently sued the defendant for breach of contract. *Id.* This court ruled that the defendant had sufficient minimum contacts with Indiana to justify finding personal jurisdiction. *Id.* at 621. The *Woodmar* court stated that "Owen purposefully availed himself of the benefits and responsibilities of doing business in this State by soliciting, negotiating and forming a contract with an Indiana resident." *Id.*

In the instant case, the affidavits of Lee and Alexander show that Lee solicited, negotiated, and formed a contract of employment with an Indiana corporation, Goshen Rubber, which lasted for a period of six years. Moreover, Lee travelled to Indiana on two occasions as part of his employment with Goshen Rubber. He maintained contact with Goshen Rubber at its Elkhart County headquarters as part of his employment, submitting sales materials, expense vouchers, and other claims on numerous occasions within that time period. *See also, Fettner v. Maury Boyd & Associates, Inc.* (1990), Ind.App., 563 N.E.2d 1334 (personal jurisdiction found where parties exchanged telephone calls, followed by defendant visiting plaintiff's Indianapolis facilities on four separate occasions for purposes of consummating and performing under the contract, and where such contacts related to the alleged breach of contract) *reh'g denied, trans. denied; Suyemasa v. Myers* (1981), Ind.App., 420 N.E.2d 1334 (defendant initially discussed in State of Tennessee the possibility of several of the plaintiffs purchasing stock, but later defendant came to Indiana and discussed with other plaintiffs the possibility of them purchasing the stock. Although all written agreements for the sale of stock were consummated in Tennessee, court found that the discussion in Indiana regarding the sales were sufficient minimum contacts to support the exercise of jurisdiction over defendant in a lawsuit relating to the sale of the stock at issue). *Cf. Harold Howard Farms v. Hoffman* (1992), Ind.App., 585 N.E.2d 18 (personal jurisdiction not found where parties became acquainted in Kentucky and participated in intrastate horse shows, no discussions of the subject matter of lawsuit occurred at horse shows at which defendant appeared in Indiana, plaintiff initiated business relationship at issue based upon advertisements by defendant, plaintiff delivered horses to defendant in Michigan, and contract was executed in Michigan).

Lee argues that this court should distinguish *Woodmar, Fettner,* and *Suyemasa* because they do not involve a relationship between an employer and an employee. We find this to be a distinction without a difference and are therefore unpersuaded by his argument. Lee has failed to meet his burden. Therefore, for the reasons stated above, we affirm the decision of the trial court.

AFFIRMED.

MILLER and RUCKER, JJ., concur.