**PROTECTIVE INSURANCE
COMPANY, Plaintiff,**

v.

**Paul O. CODY, Emory Garthoff, Mary
Zimmerman, Survivors of Harold Zim-
merman, David May, The Co–Operators
General Insurance Company, and State
Farm Mutual Insurance Company, De-
fendants.**

**No. IP 94–578 C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 31, 1995.

Kevin C. Schiferl, Jeffrey J. Mortier,
Locke Reynolds Boyd & Weisell, Indianapo-
lis, IN, for plaintiff.

Alan R. Krier, Jubelirer Carothers Krier
& Halpern, Altoona, PA, Michael J. Donohoe,
Epstein & Frisch, Indianapolis, IN, Ray-
mond J. Dadzilko, Ebensburg, PA, for defen-
dant.

ENTRY

BARKER, Chief Judge.

Defendants Paul O. Cody, Mary Zimmerman and Emory Garthoff (collectively, "Defendants") move to dismiss this cause of action for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). The Court, having considered the motions, affidavits, and supporting and opposing briefs, grants Defendants' motions.

## I. FACTUAL BACKGROUND

On July 26, 1991, defendants Paul O. Cody, Harold Zimmerman,[1] and Emery Garthoff were injured in an automobile accident while in the course of their employment with Morgan Drive Away, Inc. (MDA). Cody, Zimmerman and Garthoff are residents of Pennsylvania. MDA is incorporated under the laws of the State of Indiana. The accident occurred in West Virginia and was caused by the negligent acts of Defendant David May, who is a resident of Ontario, Canada.

The vehicle the Defendants were riding in at the time of the accident was owned by Garthoff and insured by defendant State Farm Mutual Automobile Insurance Company (State Farm). State Farm is incorporated under the laws of the State of Illinois. May's vehicle was insured by defendant Co–Operators General Insurance Company (Co–Operators), which is a corporate citizen and resident of the Province of Ontario, Canada.

The Plaintiff, Protective Insurance Company (Protective), was the worker's compensation insurance carrier for MDA at the time of the accident. Protective is incorporated under the laws of Indiana. Pursuant to a policy between Protective and MDA, Protective paid worker's compensation benefits to Cody, Garthoff and Zimmerman. While accepting these payments, the defendants individually negotiated settlements for their claims against May, the Co–Operators and State Farm.

Protective filed the instant suit on March 31, 1994. It seeks a statutory lien under Indiana Law entitling it to recover the amounts paid to the Defendants as worker's compensation benefits in light of the Defendants' acceptance of settlement proceeds in their third-party suits. Cody, Garthoff and Zimmerman now move to dismiss for lack of personal jurisdiction.

## II. PERSONAL JURISDICTION

### A. Standard of Review

■ In determining what constitutes sufficient contact with a state to allow a court to exercise personal jurisdiction, a court must examine the facts and circumstances on a case by case basis. *See Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137, 1143 (7th Cir.1975). When personal jurisdiction is challenged, the plaintiff bears the burden of demonstrating a basis for the assertion of the state's long-arm statute. *KVOS, Inc. v. Associated Press,* 299 U.S. 269, 278, 57 S.Ct. 197, 201, 81 L.Ed. 183 (1936); *International Steel Co. v. Charter Builders, Inc.,* 585 F.Supp. 816, 819 (S.D.Ind.1984). The court may consider affidavits and other documents outside the pleadings in reaching its decision, *see Nelson by Carson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983), *cert. denied,* 465 U.S. 1024, 104 S.Ct. 1277, 1278, 79 L.Ed.2d 682 (1984), but must construe all facts concerning jurisdiction in favor of the non-movant, including disputed or contested facts. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.,* 726 F.2d 1209, 1215 (7th Cir.1984).

■ To determine whether personal jurisdiction over a nonresident defendant exists, the Court must determine "(1) whether the Indiana long-arm statute authorizes the exercise of jurisdiction over the nonresident, and (2) whether the exercise of personal jurisdiction pursuant to the long-arm statute violates the nonresident's due process rights under the Fourteenth Amendment...." *Fidelity Financial Services, Inc., v. West,* 640 N.E.2d 394, 396 (Ind.App.1994); Fed.R.Civ.P. 4(k)(1)(A); Ind.R.P. 4.4(A). A federal court sitting in diversity can exercise personal jurisdiction only so far as allowed by the law of

---

1. Defendant Mary Zimmerman has been named a Defendant in this cause by virtue of her status as the mother and surviving dependent of Harold Zimmerman, who perished in the above-mentioned accident.

the state in which it sits. Fed.R.Civ.P. 4(e). Indiana's long-arm statute thus controls this court's exercise of personal jurisdiction over nonresident defendants. Ind.R. of Trial P. 4.4(A).

Trial Rule 4.4(A)[2] has been deemed to extend personal jurisdiction to the full limits established by the Fourteenth Amendment. *Oddi v. Mariner–Denver, Inc.*, 461 F.Supp. 306, 308 (S.D.Ind.1978). Because "Indiana courts have held that the statute is intended to extend personal jurisdiction to the limits permitted under the due process clause of the Fourteenth Amendment," *see Brokemond v. Marshall Field & Co.*, 612 N.E.2d 143, 145 (Ind.App.1993), the twin inquiries collapse into one. *See Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir.1990), *cert. denied*, 499 U.S. 947, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991). Thus, we analyze whether personal jurisdiction over the Defendants is permissible under the Due Process Clause of the Fourteenth Amendment.

### B. Due Process Requirements for Personal Jurisdiction

In *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court first set forth the due process analysis and held that the nonresident defendant must have some minimum contact with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). In *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Court quantified the necessary "minimum contacts" as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." *Id.* at 253, 78 S.Ct. at 1240; *Federated Rural Electric Insurance Corp. v. Inland Power and Light*, 18 F.3d 389, 394 (7th Cir. 1994). The Court further elaborated on the purposeful acts required in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985) (internal quotation marks omitted), where it noted that:

> Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State. Thus where the defendant deliberately has engaged in significant activities within a State, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there....

Lastly, in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) and *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Court examined the relationship between the defendant, the forum and the litigation to determine if it would be "reasonable" to re-

2. Indiana's long-arm statute provides:

**A) Acts Serving as a Basis for Jurisdiction.** Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

(1) doing any business in this state;

(2) causing personal injury or property damage by an act or omission done within this state;

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, ma-

terials, or services used, consumed, or rendered in this state;

(4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;

(5) owning, using, or possessing any real property or an interest in real property within this state;

(6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made; or

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state.

quire the defendant to defend a suit in the forum state.

■ The Supreme Court has recognized two forms of personal jurisdiction—general and specific. "General jurisdiction" over the defendant exists if the defendant has "continuous and systematic" contacts with the forum, even though those contacts have no relation to the underlying controversy. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). When a defendant does not conduct business generally in the forum state but has transacted some business there, a court may exercise "specific jurisdiction" when the defendant's contacts with the forum are related to the controversy and these contacts reach a "minimum" threshold. *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158; *Nucor v. Aceros Y Maquilas de Occidente S.A. de C.V.,* 28 F.3d 572, 580 (7th Cir.1994). When the controversy does not arise out of the defendant's contacts with the forum, specific jurisdiction is lacking.

In light of these decisions, the Seventh Circuit has counseled that there exists no touchstone for personal jurisdiction. "[T]he sufficiency of minimum contacts cannot be determined by any set formula or rule of thumb, but 'must rest on a consideration of what is fair and reasonable in the circumstances of each particular case.'" *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.,* 726 F.2d 1209, 1213 (7th Cir.1984) (quoting *Telco Leasing, Inc. v. Marshall County Hosp.,* 586 F.2d 49, 50 (7th Cir.1978)). "In determining whether specific jurisdiction should be asserted over the defendant, the court should assess the relationship among the defendant, the forum, and the litigation." *Nucor,* 28 F.3d at 580.

■ In the case at bar, no general jurisdiction exists over Defendants because substantial contact is necessary for general jurisdiction, *see Helicopteros, supra* and this is a "fairly high standard in practice." *Wilson v. Humphreys (Cayman) Ltd.,* 916 F.2d 1239, 1245 (7th Cir.1990). Thus, the only question is whether the Defendants' contacts with the forum reach a "minimum" threshold and thus

satisfy the requirements for specific jurisdiction.

Plaintiff summarizes the Defendants' "contacts" with the State of Indiana as follows:

(1) the Defendants knowingly entered into an employment contract with the local agent of an Indiana-based corporation;

(2) the Defendants submitted and received employment-related documents from the employer's Indiana headquarters, including tax forms and paychecks; and

(3) the Defendants accepted workers compensation benefits from Plaintiff that allegedly were paid pursuant to Indiana law.

Plaintiff then relies on cases where an in-state corporation successfully hales into court its out-of-state employee to illustrate that these contacts are sufficient to satisfy the minimum threshold necessary to find personal jurisdiction.

For example, in *Inter–Collegiate Press, Inc. v. Myers,* 519 F.Supp. 765 (D.Kan.1981), a district court sitting in Kansas considered whether a Kansas corporation could maintain an action against an employee who was a resident of Tennessee. In finding that the requisite personal jurisdiction existed, the court noted that the defendant had extensive business dealings in the forum:

The defendant was trained by plaintiff in this state, and he returned for annual meetings every year since his affiliation with plaintiff. Furthermore, he visited the home office at least once every four to six weeks, and dealt directly with the home office rather than through a regional supervisor. Additionally, he received numerous supplies from plaintiff, many of which he picked up personally while in Kansas ... Defendant had many telephone conversations with plaintiff in Kansas with regard to pricing, and his consultations with plaintiff with regard to competitive bidding and establishing a bid price were extensive.

*Id.* at 768. Thus, because the employee "knew who he was employed by and could readily foresee and anticipate that any complaints regarding his employment would originate in the Kansas-based office," the court concluded that the defendant availed himself

of the laws of Kansas. *Id.* at 769; *see also T.M. Hylwa, M.D., Inc. v. Palka,* 823 F.2d 310 (9th Cir.1987) (district court sitting in California had personal jurisdiction over Kansas-based accountant who made annual business trips to California to service client).

Similarly, in *Lee v. Goshen Rubber Co.,* 635 N.E.2d 214 (Ind.App.1994), an Indiana appellate court considered whether it had personal jurisdiction over the out-of-state employee of an Indiana employer in a breach of contract action. In concluding that the employee had sufficient minimum contacts, the court observed that the employee maintained extensive contact with his employer's Indiana "headquarters as part of his employment, submitting sales materials, expense vouchers, and other claims on numerous occasions within that time period." *Id.* at 217. Significantly, the employee also had traveled to Indiana on several business matters.

In both *Myers* and *Lee* the employees "solicited, negotiated and formed a contract of employment with" out-of-state companies. *Id.* However, neither employee operated out of a regional office. Nor did they report to regional supervisors. As a result, each employee had direct and regular contact with the home office, including trips to their respective headquarters for training and meetings, submission of expense vouchers, receiving supplies and frequent telephone calls. Thus, because both employees had negotiated with and worked for their out-of-state companies directly, they deliberately "created continuing obligations between [themselves] and residents of the forum," thus availing themselves of the privilege of con-

ducting business there. *Rudzewicz,* 471 U.S. at 476, 105 S.Ct. at 2184.

In this case, however, the defendants' working relationship with MDA centered around MDA's Altoona, Pennsylvania, regional office and not its distant Indiana headquarters. The contract negotiations surrounding the Defendants' employment, for example, did not occur in the forum state.[3] Rather, the defendants negotiated directly with MDA's local manager after responding to an advertisement in the Altoona Mirror. (*See* Emory Garthoff Aff., Ex. F; Plaintiff's Memorandum in Opposition to Garthoff's Motion, p. 7; Paul Cody Dep., at 63–64). Nor did Defendants have regular contact with the Indiana head office once hired. Indeed, they received work instructions from the local manager, (Plaintiff's Memorandum in Opposition, pp. 3, 11),[4] and never traveled to MDA's headquarters for training or meetings.

Plaintiff next contends that various employment-related documents the Defendants received from MDA's head office constitute contacts with Indiana sufficient to establish jurisdiction. For example, the Defendants received benefits and paychecks from MDA's Elkhart offices. Protective also submits a directive from the home office addressed to MDA's drivers regarding reimbursement procedures. (Steve Hartz Aff., Attach. A). Protective's reliance on this evidence is unavailing, however, because only "[t]he defendant's conduct in relation to the forum state, not unilateral actions of the plaintiff" determine jurisdiction. *Dehmlow v. Austin Fireworks,* 963 F.2d 941, 946 (7th Cir.1992).[5]

---

3. *See, e.g., Nucor v. Aceros Y Maquilas de Occidente,* 28 F.3d 572, 581 (7th Cir.1994) ("This circuit and others have found that a defendant's participation in substantial preliminary negotiations conducted in the forum state leading to the contract in issue is a sufficient basis for personal jurisdiction").

4. Although the affidavit of Paul Borghesani, the President of MDA, states that the Defendants received their dispatch orders from MDA's Elkhart headquarters, his allegation is refuted by Protective's own brief:

  While defendant Garthoff was employed by [MDA], the company maintained a local terminal located at 2105 Sixth Avenue, Altoona, Pennsylvania. It was at this location that the

agent of the Indiana company communicated to defendants for their individual projects in connection with the employment.

  (Plaintiff's Memorandum in Opposition, at p. 3; *see also Id.* at 11).

5. Protective submits an Indiana Department of Revenue withholding exemption certificate prepared by Garthoff as evidence of his purposeful availment of transacting business in Indiana. (Steve Hartz Aff., Attach. A). As correctly noted by the Defendants, however, this standard W–4 tax exemption form was executed in Pennsylvania, listed Pennsylvania as the state of residence and Blair County, Pennsylvania, as the county of residence. Thus, we find that the Defendants did not manifestly avail themselves of the privilege of

For similar reasons, Protective's payment of workers' compensation benefits to the Defendants does not establish the requisite minimum contacts. Significantly, the Defendants did not deliberately reach out to an Indiana Corporation to obtain workers' compensation insurance. Rather, they simply accepted the workers' benefits provided by MDA without any personal involvement in the negotiation process between MDA and its insurance carrier. Indeed, the Defendants originally sought benefits under Pennsylvania's workers' compensation laws and assumed the payments they received were paid pursuant to Pennsylvania law. (See Emory Garthoff Aff., at p. 2; Cody and Zimmerman Motion to Dismiss, Ex. A, B; Garthoff Motion to Dismiss, Ex. A, D). Thus, we resist haling them into court in Indiana simply because they submitted claims as the beneficiaries of MDA's workers' compensation policy with Protective. See Rudzewicz, 471 U.S. at 475, 105 S.Ct. at 2183 ("This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party") (internal quotation marks omitted) (citations omitted).

Nor would our assertion of personal jurisdiction over the Defendants "comport with 'fair play and substantial justice.'" Id., 471 U.S. at 476, 105 S.Ct. at 2184 (citation omitted). The Defendants did not commence their relationship in Indiana. They have not personally appeared or resided in Indiana. Their employment contracts were not executed in Indiana and no contract negotiations occurred in Indiana.

We further note that the Defendants received compensation benefits as the result of an automobile accident that occurred in West Virginia. The tortfeasor and his insurance carrier are citizens of Ontario, Canada. The injuries were treated in West Virginia and Pennsylvania and the underlying lawsuit between Cody, Zimmerman and Garthoff against the tortfeasor was not resolved in the Indiana court system. As a result, we fear that conducting further litigation in Indiana would be "so gravely difficult and inconven-

conducting business in Indiana by simply com-

ient" that the Defendants would be at a "severe disadvantage" in comparison to Protective. Rudzewicz, 471 U.S. at 478, 105 S.Ct. at 2185.

In sum, we find insufficient contacts from which to conclude that the Defendants deliberately availed themselves of the privilege of conducting business in Indiana. The Defendants' only deliberate contact with the State of Indiana consists of accepting employment with the regional terminal of an Indiana-based corp. Since an individual's contract with an out-of-state party alone is insufficient to establish sufficient minimum contacts, and since our assertion of personal jurisdiction would not comport with fair play and substantial justice, we find that personal jurisdiction does not exist over the Defendants. Accordingly, the motions to dismiss submitted by defendant Garthoff and by defendants Zimmerman and Cody are granted.

### III.  CONCLUSION

For the reasons stated above, the motion to dismiss of Emory Garthoff is GRANTED, and the motion of Paul Cody and Mary Zimmerman is likewise GRANTED.

pleting this standard tax form.