Theresa BOURASSA,
Plaintiff–Appellant,

v.

Albert DESROCHERS,
Defendant–Appellee.

No. 90–55603.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1991.

Decided July 23, 1991.

Raphael Metzger, Law Offices of Raphael Metzger, Long Beach, Cal., for plaintiff-appellant.

M. Lawrence Lallande, Sr., Perona, Langer, LaTorraca and Beck, Long Beach, Cal., for defendant-appellee.

Before BEEZER, HALL and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Theresa Bourassa appeals the district court's judgment and order dismissing her action for lack of personal jurisdiction. Bourassa brought suit against Albert Desrochers in the Central District of California for violations of federal securities laws and various pendent state claims. The district court dismissed for lack of personal jurisdiction on the ground that Desrochers did not have minimum contacts with California. We reverse.

I

In October 1964, Desrochers allegedly called Bourassa at her California residence to inform her that a parcel of property near his residence in Canada was for sale. Desrochers indicated that the property was

valuable because it contained vast quantities of peat moss that could be harvested and because the property had potential for development related to tourism. Bourassa flew to Canada and purchased the property. She alleges she would not have purchased the property if Desrochers had not agreed to jointly market and distribute the peat moss. The agreement allegedly called for Desrochers to manage the operation and for the profits to be split between Bourassa and Desrochers.

Bourassa alleges that for approximately twenty-six years following the purchase Desrochers led her to believe that the peat moss operation was not functional. She states that at various times over the twenty-six year period she attempted to find out about the progress of the peat moss operation. At one point, she flew to Canada with a potential peat moss buyer, but the buyer had insufficient funds to close a deal.

In 1989, Bourassa obtained information that led her to believe that Desrochers had been secretly operating a peat moss business for a number of years and thus had misappropriated profits that were rightfully Bourassa's. This information was the result of contacts initiated by Bourassa in California. Thus, Desrochers' contact with California over the entire twenty-six year period leading up to this lawsuit consisted of the single phone call he made to Bourassa to inform her about the property in Canada.

On December 8, 1989, Bourassa filed this action in the Central District of California. While attempting to serve Desrochers at his residence in Canada, Bourassa learned that Desrochers was vacationing in Florida. Desrochers was served in Florida as authorized by Section 27 of the Securities Exchange Act of 1934 (the 1934 Act), 15 U.S.C. § 78aa (1988). On March 30, 1990, the district court entered an order and judgment dismissing the action for lack of personal jurisdiction. Bourassa timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

There is no dispute concerning the jurisdictional facts. Therefore, we review de novo the district court's determination of personal jurisdiction. *Brainerd v. Governors of the University of Alberta,* 873 F.2d 1257, 1258 (9th Cir.1989). Bourassa had the burden of making a prima facie showing of personal jurisdiction. *Id.*

■ Subject-matter jurisdiction in this case is founded on 28 U.S.C. § 1331 (federal question jurisdiction). The violation of federal securities laws is a claim within the provisions of § 1331. *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1314 (9th Cir.1985).

Personal jurisdiction and venue in this case are governed by Section 27 of the 1934 Act. Section 27 confers jurisdiction in the district courts over violations of federal securities law. 15 U.S.C. § 78aa (1988). Civil suit may be brought in any district "wherein any act or transaction constituting the violation occurred" or "wherein the defendant is found or is an inhabitant or transacts business." *Id.* Section 27 also provides for nationwide service of process for claims of violations of federal securities law. *Id.*

■ For the purposes of this appeal, we must assume that the phone call from Desrochers in Canada to Bourassa in Anaheim, California was, as alleged, an "act or transaction" constituting a securities violation. Therefore, venue was proper in the Central District of California under Section 27. *See id.*

■ The issue before us is limited to whether the district court correctly applied the minimum contacts test. In *Vigman,* we held that where a claim of federal securities violations is brought in a proper district, the test for whether the district court has personal jurisdiction over a defendant is whether the defendant has minimum contacts with the United States. 764 F.2d at 1316.

Desrochers was served in Florida under the nationwide service provision of Section 27. The central question in this case, therefore, is whether service of Desrochers in Florida created jurisdiction over his person in the Central District of California

when his activities in Florida were unrelated to the California action.

Jurisdiction obtained through service of a person temporarily present in a forum and engaged in activity unrelated to the litigation is referred to as "transient jurisdiction." *Burnham v. Superior Court,* —— U.S. ——, 110 S.Ct. 2105, 2120, 109 L.Ed.2d 631 (1990) (Brennan, J., concurring). In *Burnham,* the Supreme Court recently affirmed the constitutional validity of transient jurisdiction. *See id.* 110 S.Ct. at 2115 (exercise of personal jurisdiction over person voluntarily present in the forum constitutes due process) (Scalia, J., writing for plurality); *id.* at 2120 (same) (Brennan, J., concurring).

Based on the claims made in Bourassa's complaint, the relevant forum is the United States. "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Vigman,* 764 F.2d at 1316. Desrochers was served in Florida under the nationwide service provision of Section 27. His voluntary presence in the United States created jurisdiction over his person in any federal district court in which the claim for federal securities violations could have been brought. Accordingly, the district court should not have dismissed this action for lack of personal jurisdiction.

Desrochers contends that we can uphold the district court's dismissal of this action on the ground that Bourassa's security claim is barred by the statute of limitations and on the ground that the transaction entered into by Bourassa did not involve a security. However, we decline to address these issues. These issues were neither raised nor decided in the district court. We therefore have no factual record by which to evaluate them and thus are not in as advantageous a position as the district court to decide them. *See Golden Nugget v. American Stock Exchange,* 828 F.2d 586, 590 (9th Cir.1987).

REVERSED and REMANDED.