977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James O'LEARY, Plaintiff-Appellant,
v.
COUNTY OF SACRAMENTO, Defendant-Appellee.
 No. 92-15209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 31, 1992.*
Decided Oct. 5, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant is challenging the district court's pretrial dismissal of his claim against the County of Sacramento for failure to state a claim upon which relief can be granted. Appellant claims that the name Sacramento on that county's seal is a violation of the Establishment Clause. We remand this case to the district court to determine whether the appellant has standing and whether the service on the county was proper.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 In September of 1991, appellant filed his claim attacking the constitutionality of the Sacramento County seal. Appellant attempted service on the county by certified mail to an employee of the Superior Court of the State of California for the County of Sacramento. The following month, the county filed a motion to dismiss alleging the complaint failed to state a claim, service of process was void, and the federal question was frivolous. In January of 1992, the matter was submitted to the district court without oral argument, and it dismissed the case for failure to state a claim without discussing the issues of standing or service of process. Appellant timely filed his notice of appeal.
 
 
 4
 The appellant, a resident of Yolo County, contends the Sacramento County seal violates the Establishment Clause. He complains that the county seal is "full of sectarian imagery" because the name Sacramento appears on its face. Citing to Webster's dictionary, the appellant notes that the word sacrament conveys a religious meaning particularly associated with the Christian faith. The implication is that Sacramento conveys the same religious meaning. He asks that the county be enjoined from using the name Sacramento on its seal.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 5
 This court has jurisdiction to review the dismissal as a final order under 28 U.S.C. § 1291. The appellant timely filed his notice of appeal.
 
 
 6
 Standing is reviewed de novo. United Union of Roofers No. 40 v. Insurance Corp. of Am., 919 F.2d 1398, 1399 (9th Cir.1990).
 
 
 7
 A district court's determination of personal jurisdiction is reviewed de novo when the facts are not disputed. Bourassa v. Desrochers, 938 F.2d 1056, 1057 (9th Cir.1991). The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous. Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc., No. 90-55400, 970 F.2d 552, 1992 U.S.App. Lexis 15087, (9th Cir. July 2, 1992).
 
 III.
 DICUSSION
 A. Issues Presented on Appeal
 
 8
 Because constitutional issues should not be decided when significant jurisdictional issues exist, initially we must discuss the appellant's standing to bring his claim and the service of process on the county.
 
 B. Standing
 
 9
 Article III of the Constitution limits the federal judiciary to resolving cases and controversies. For a dispute to qualify as a case or controversy, the plaintiff must have standing. To have standing, the plaintiff must have "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Baker v. Carr, 369 U.S. 186, 204 (1962). To establish standing, the appellant must show he suffered some threatened or actual injury resulting from the challenged activity; that injury must be fairly traceable to the challenged action, and the injury must be likely to be redressed by a favorable decision. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (citations omitted). The injury must be distinct and palpable and not abstract or conjectural. Allen v. Wright, 468 U.S. 737, 751 (1984) (citations omitted).
 
 
 10
 We simply cannot determine whether the appellant had standing to bring this claim from the record before us. Appellees contend that the appellant did not suffer an injury in fact because he is not directly affected by the seal. The appellant did not directly respond to this challenge, and the district court never ruled on the issue. Without standing, the district court did not have the power to reach the merits and dismiss the case. Therefore, we reverse and direct the district court to determine whether appellant has standing to bring his case.
 
 C. Service of process
 
 11
 The appellees also contend that they were improperly served. The district court made no finding on this issue. If the district court did not have personal jurisdiction over the appellees, it should not have reached the merits. Therefore, we direct the district court to determine the adequacy of the service on the county as well.
 
 
 12
 It follows that we must decline to reach the merits of appellant's claim.
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3