21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frances S. NORRIS, Plaintiff-Appellant,
v.
OKLAHOMA CITY UNIVERSITY; Oklahoma City University School
of Law, Defendants-Appellees.
 No. 93-16647.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frances S. Norris, a 1992 graduate of Oklahoma City University School of Law, appeals pro se the district court's dismissal for lack of personal jurisdiction of her action against the university and its law school alleging violations of Title IX of the Educational Amendments Act of 1972, 20 U.S.C. Secs. 1681-88 ("Title IX"), and supplemental state-law claims. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court reviews de novo a district court's determination concerning the existence of personal jurisdiction where the underlying jurisdictional facts are undisputed. Bourassa v. Desrochers, 938 F.2d 1056, 1057 (9th Cir.1991). The plaintiff has the burden of making a prima facie showing of personal jurisdiction. Id.
 
 
 4
 "Under Fed.R.Civ.P. 4(e), a federal district court can assert personal jurisdiction to the extent authorized by a particular federal statute governing service of process for the action being heard...." T.M. Hylwa, M.D., Inc. v. Palka, 823 F.2d 310, 312 (9th Cir.1987). Where no such statute exists or where diversity jurisdiction applies, the court can assert personal jurisdiction to the extent authorized by the law of the state in which the district court sits. See Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir.1993); Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir.1988).
 
 
 5
 Here, there is no specific authority under Title IX governing service of process. See 20 U.S.C. Secs. 1681-88; cf. T.M. Hylwa, 823 F.2d at 313 (nationwide service under ERISA); Bourassa, 938 F.2d at 1057 (nationwide service under federal securities law). Thus, the district court's ability to assert personal jurisdiction over the appellees in this case rests on California law. See Core-Vent, 11 F.3d at 1484.
 
 
 6
 California's long-arm state permits personal jurisdiction to the extent permitted by the due process clause of the Constitution. See Cal.Civ.Proc.Code Sec. 410.10. As a result, we need only decide whether personal jurisdiction asserted in this case met due process requirements. Core-Vent, 11 F.3d at 1484.
 
 
 7
 On appeal, Norris does not dispute the district court's conclusion that the appellees did not have sufficient continuous and systematic contacts with California to support the exercise of general jurisdiction. See id. at 1485. Instead, Norris contends that the district court erred by concluding that it lacked specific jurisdiction over the appellees based on Norris's defamation cause of action.
 
 
 8
 This court has developed a three-part test to evaluate whether a court may exercise specific jurisdiction:
 
 
 9
 (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.
 
 
 10
 Id. (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987)).
 
 
 11
 The first element of the specific jurisdiction test is met where a defendant's "only contact with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state." Id. (emphasis in original). In a libel action, this first element is established when a defendant's "(1) intentional actions (2) expressly aimed at the forum state (3) caus[e] harm, the brunt of which is suffered--and which the defendant knows is likely to be suffered--in the forum state." Id. at 1486.
 
 
 12
 Here, Norris contends that the appellees purposefully directed their activities into California by publishing libelous statements about her grades and achievements in transcripts sent to three California law schools to which Norris applied for transfer in 1990. This contention lacks merit.
 
 
 13
 Based on our review of the record, Norris has failed to make a prima facie showing that the appellees purposefully directed their actions to have effect in California. See id. at 1485; Bourassa, 938 F.2d at 1057. First, the appellees' actions were not "expressly directed" at California because although the appellees sent the transcripts to a California audience, the transcripts themselves concerned Norris's grades and achievements in Oklahoma and were sent at Norris's request. See Core-Vent, 11 F.3d at 1486; see also Calder v. Jones, 465 U.S. 783, 789 (1984) ("California is the focal point both of the [defamatory] story and of the harm suffered"). Second, the brunt of the harm was not suffered in California. Norris was a resident of Oklahoma and a student of the Oklahoma City law school at the time the defamatory remarks allegedly were made.[1] Thus, although the appellees' allegedly defamatory remarks were heard by three California law schools, the effects of the harm were felt by Norris in Oklahoma, and Norris failed to meet the first element of the specific jurisdiction test.[2] See Core-Vent, 11 F.3d at 1486; see also Casualty Assurance Risk Ins. Brokerage Co. v. Dillon, 976 F.2d 596, 601 (9th Cir.1992) (libel effects felt where plaintiff resides and defamatory materials published).
 
 
 14
 Accordingly, because Norris did not make a prima facie showing of specific jurisdiction, we affirm the district court's dismissal for lack of personal jurisdiction.[3] See Bourassa, 938 F.2d at 1057.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Norris's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After graduation from law school in 1992, Norris moved to California and established her residence there
 
 
 [2]
 Because we conclude that Norris did not meet the first element of the specific jurisdiction test, we do not address the remaining elements. See Core-Vent, 11 F.3d at 1487. Nevertheless, we note that Because Norris's defamation claim clearly "arose out" of the publication of the transcripts, her allegations establish the second element of the specific jurisdiction test. See id. at 1485. As to whether the exercise of jurisdiction over the appellees would be reasonable, however, we recognize that there would be a significant burden on appellees to litigate this action in California because with the exception of Norris herself, the majority of the witnesses and tangible evidence is located in Oklahoma, particularly as to her Title IX claim. See Casualty Assurance, 976 F.2d at 600. Moreover, the appellees' attenuated contacts with California are insufficient to constitute purposeful interjection into California. See Core-Vent, 11 F.3d at 1488
 
 
 [3]
 We reject Norris's contention that the district court erred by dismissing her action without allowing her leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (dismissal without leave to amend proper where complaint could not be cured by amendment)