24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mary E. Miller HALL, Plaintiff-Appellant,
v.
Charlie F. HALL, Defendant-Appellee.
 No. 93-15409.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mary Miller Hall appeals pro se the district court's dismissal for lack of personal jurisdiction of her action arising out of her marital relationship with defendant Charlie Hall.[1] In her complaint, Hall sought damages for injuries she allegedly suffered during her relationship with the defendant. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court's determination that it lacks personal jurisdiction is a question of law which we review de novo. Bourassa v. Desrochers, 938 F.2d 1056, 1057 (9th Cir.1991). We review for clear error the district court's factual findings underlying this determination. Reebok Int'l v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 4
 Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). To avoid dismissal, a plaintiff must make a prima facie showing of jurisdictional facts. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir.1987).
 
 
 5
 A federal court sitting in Arizona in a diversity proceeding applies Arizona's long-arm statute to determine whether it has personal jurisdiction over a defendant. Ariz.R.Civ.P. 4(e)(2). Arizona's long-arm statute grants Arizona courts jurisdiction coextensive with the limits of federal due process. Batton v. Tennessee Farmers Mut. Ins. Co., 736 P.2d 2, 4 (Ariz.Ct.App.1987). Where a defendant's activities within the forum state are not so systematic or pervasive as to allow the exercise of general jurisdiction, a court may assert specific jurisdiction, depending on the nature and quality of the defendant's contact with the forum state. Lake, 817 F.2d at 1421.
 
 
 6
 We traditionally have applied a three-part analysis to determine whether specific jurisdiction exists: (1) the defendant purposefully directs activity at the forum state or performs some act by which he or she has availed himself or herself of the privileges of conducting activities in the forum, thus invoking the benefits or protections of the forum state's laws; (2) the claim arises out of or relates to defendant's forum-related activities; and (3) the exercise of personal jurisdiction comports with fair play and substantial justice. Brainerd, 873 F.2d at 1259.
 
 
 7
 We agree with the district court's determination that the defendant lacked the necessary minimum contacts with Arizona. We find no error in the district court's findings that (1) the events Hall alleges as the basis for her action occurred in Ohio and Florida and not in Arizona, and (2) Hall has not shown that the defendant has ever been in Arizona. On appeal, Hall argues that the defendant has "minimal contact" with Arizona because he has visited Tucson, Arizona "several" times. Hall failed, however, to present any facts to support this claim or otherwise to sustain her burden of demonstrating sufficient contacts with Arizona. See Lake, 817 F.2d at 1416. Accordingly, the district court did not err by dismissing Hall's action for lack of personal jurisdiction. See Brainerd, 873 F.2d at 1259.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court initially dismissed Hall's action and abstained from addressing the merits of her claims on the ground that the claims were closely related to issues affecting domestic relations. Hall appealed that dismissal. On appeal, we reversed the dismissal and remanded holding that it was error to abstain in this instance because in addition to typical domestic relations claims, Hall alleged fraud, misrepresentation, and intentional torts for which she sought damages