29 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WYLE LABORATORIES, INC., Plaintiff-Appellant,
v.
LEWIS MACHINE COMPANY, an Illinois corporation (I);
Fastener Engineers, Inc., an Illinois corporation; Lewis
Venture Company, an Illinois corporation; Lewis Machine
Company, Inc., an Illinois corporation (II); Indiana
Insurance Co., an Indiana corporation, Defendants-Appellees.
 No. 92-56385.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1994.
Decided July 22, 1994.
 
 Before: HUG, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On December 30, 1991, Wyle Laboratories ("Wyle") filed this action alleging breach of contract and seeking to enforce an indemnity provision included in an Asset Purchase Agreement ("Agreement I") entered into between Wyle and Fastener Engineers, Inc. ("FEI"). The Agreement essentially provided that FEI would purchase from Wyle its Lewis Machines Company ("Lewis"), a division of Wyle, and "would assume liability of seller ... for any product liability claims relating to any products of the division ... arising out of events which occurred subsequent to the effective date of the sale of assets." Subsequent to the agreement between FEI and Lewis, FEI entered a second Asset Purchase Agreement (Agreement II), whereby Fastener Engineers Group, Inc. ("FEGI") agreed to purchase all assets and assume substantially all liabilities of Lewis. After this transaction, the new entity retained the Lewis name.
 
 
 3
 In the underlying cause of action, Wyle sought, pursuant to Agreement I, damages incurred as a result of personal injury lawsuits it defended and declaratory relief requiring the defendants to defend and indemnify it for expenses incurred as a result of future personal injury actions. The defendants filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer the case to the district court in the Northern District of Illinois. On July 20, 1992, after hearing oral argument, the district court granted the defendants' motion to dismiss.
 
 
 4
 Wyle appeals the district court's decision that the California courts were without authority to exercise personal jurisdiction over the defendants. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we reverse.
 
 DISCUSSION
 
 5
 A district court's decision that personal jurisdiction can be properly exercised over a nonresident defendant is a question of law reviewable by this court de novo, when the underlying facts are undisputed. Bourassa v. Desrochers, 938 F.2d 1056, 1057 (9th Cir.1991). The district court's factual findings pertaining to jurisdictional issues must be accepted unless found to be clearly erroneous. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 6
 Courts may exercise one of two types of personal jurisdiction over nonresident defendants: specific jurisdiction or general jurisdiction. Shute v. Carnival Cruise Lines, 897 F.2d 377, 380 (9th Cir.1990), rev'd on other grounds, 499 U.S. 585 (1991). Specific jurisdiction exists where the injury that is the subject of the litigation arises from the defendant's activities within the forum state. Id. at 381. General jurisdiction exists if the defendant has either "substantial" or "continuous and systematic" contacts with the forum state. Id. at 380. Wyle asserts that the facts in this case support a finding of both types of jurisdiction. Because the facts support a finding of specific jurisdiction, we need not address whether jurisdiction over the defendant is also proper under the alternative theory of general jurisdiction.
 
 
 7
 The exercise of personal jurisdiction over a nonresident defendant is dependent on the presence of the defendant's "minimum contacts" within the forum state, and the exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). Specific jurisdiction exists over an out-of-state defendant "if the defendant has 'purposefully directed' his activities at residents of the forum [state]" and the litigation arises from injuries that arise out of or relate to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). This court has developed a three-part test for determining whether specific jurisdiction exists over a nonresident defendant: (1) whether the defendant has purposefully availed himself of the privilege of conducting activities in the forum state; (2) whether the claim arises out of the forum-related activities; and (3) whether the exercise of jurisdiction is reasonable. Shute, 897 F.2d at 381.
 
 1. Purposeful Availment
 
 8
 In determining whether the defendant has purposefully availed itself of the forum state we must consider (1) the parties' prior negotiations; (2) contemplated future consequences; (3) the terms of the contract; and (4) the actual course of dealing between the parties. Burger King, 471 U.S. at 479. The "mere existence of a contract with a party in the forum state does not constitute sufficient minimum contacts for jurisdiction." Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir.1990) (citing Burger King, 471 U.S. at 478). Although it is unclear whether the parties in the present case contemplated future contractual relationships, the nature of the liability clause contained in the contract at issue subjected the parties to an ongoing relationship. This contract was not a one-time purchase of a particular product, but rather it created a continuing relationship whereby one party agreed to indemnify another party for future losses incurred as a result of Lewis Machine products.
 
 
 9
 The defendants contend that "purposeful availment" cannot exist on the basis of the "minimal sales in the state of California" because Wyle "failed to link these sales to any affirmative actions taken by these defendants." This contention is without merit. The sales that were consummated in California likely resulted from the defendants' advertisements placed in national trade journals that were distributed in California.
 
 
 10
 Parties that "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to the jurisdiction of the other state for "the consequences of their activities." Burger King, 471 U.S. at 473 (citation omitted). Because the defendants solicited business in California, created a continuing contractual relationship with a California business, and agreed that California law would govern contract disputes, the defendants reached out to California for the purpose of conducting business and, therefore, have satisfied the "purposeful availment" test.
 
 2. Forum Related Activities
 
 11
 The Ninth Circuit has adopted the "but for" test for determining whether the cause of action arose from the defendant's activities in the forum. Shute, 897 F.2d at 385. Therefore, because the alleged injury--the financial loss to Wyle--occurred in California, and arose from a contract entered between the parties, one of whom was in California, the cause of action arose from the defendants' contacts with the forum state.
 
 3. Reasonableness
 
 12
 Although reasonableness is required, once Wyle has established that the defendants "purposefully availed" themselves of the forum state, there is a presumption that the exercise of jurisdiction over such defendants is reasonable. Burger King, 471 U.S. at 477. Thus, because Wyle established that the defendants "purposefully availed" themselves of the forum state, the burden shifts to the defendants to establish that the exercise of jurisdiction is unreasonable. Id.
 
 
 13
 This court evaluates seven factors in determining the reasonableness of the assertion of jurisdiction over nonresident defendants. The factors are (1) the extent of purposeful interjection; (2) the burden on the defendant; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the suit; (5) the most efficient judicial resolution of the dispute; (6) the convenience and effectiveness of relief for the plaintiff; and (7) the existence of an alternative forum. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1198-99 (9th Cir.1988). Our analysis of these factors demonstrates that the defendants have failed to overcome the presumption that the exercise of jurisdiction is reasonable.
 
 
 14
 For example, we find that the defendants purposefully interjected themselves into the forum state. See id. at 1199. The defendants solicited business in California and created a continuing contractual relationship with a California business. In addition, California has a strong interest in adjudicating this lawsuit due to its interest in promoting commercial stability and providing redress for its residents who are injured as a result of contractual breach. Finally, because the choice of law provision included in the contract provides that disputes are to be governed by California law, California would likely be the most efficient forum for resolution of this dispute. Furthermore, any potential conflict with the sovereignty of the defendants' state will be settled through the choice of law provision included in the contract.
 
 
 15
 While we recognize that litigating this case in California may be slightly burdensome to the defendants, modern developments in communication and transportation will minimize the burden. Therefore, we conclude that jurisdiction in California over the defendants is reasonable.
 
 CONCLUSION
 
 16
 Based on the foregoing analysis, we conclude that the district court erred in finding that California courts were without authority to exercise jurisdiction over the nonresident defendants. The defendants purposefully availed themselves of the forum state, the injury arose from the defendants' activities in the forum state, and the exercise of jurisdiction in this case is reasonable.
 
 
 17
 This case is REVERSED and REMANDED for proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3