29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Saragosa JIMENEZ, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS, Defendant-Appellee.
 No. 93-35564.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Saragosa Jimenez, a federal prisoner, appeals pro se the district court's dismissal of his action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part, vacate in part, and remand.
 
 
 3
 * Background
 
 
 4
 On April 20, 1992, Jimenez was a prisoner at FCI-Sheridan in Oregon. When prison officials learned of a planned inmate food strike or work stoppage, a number of prisoners including Jimenez were placed in administrative detention, and transferred two days later to other prisons. Jimenez was transported to prisons in California, Oklahoma, Indiana, Minnesota and Colorado. While in California and Minnesota, Jimenez filed prison grievances regarding the propriety of his transfer from FCI-Sheridan, which apparently were denied.
 
 
 5
 Jimenez then filed a complaint in the district court in Oregon against the Warden and three employees of FCI-Sheridan (collectively referred to as "the Oregon defendants"), the Warden and two employees of FCI-Sandstone in Minnesota, and the Director and Regional Director of the Bureau of Prisons (collectively referred to as "the non-Oregon defendants"). Jimenez's amended complaint alleged that he was transferred from FCI-Sheridan in retaliation for his assistance to other inmates in filing civil rights actions against prison officials. Jimenez further alleged that during his detention and transport between prisons he was not allowed adequate access to a law library and his legal papers were dispersed, so that he was denied access to the courts.
 
 
 6
 The defendants moved to dismiss Jimenez's complaint under numerous grounds including lack of subject matter jurisdiction over the defendants in their official capacity, lack of personal jurisdiction over the non-Oregon defendants, insufficiency of process, lack of venue, respondeat superior, failure to state a claim and qualified immunity. The district court held that: (1) to the extent that Jimenez's action was against federal prison officials acting in their official capacity, it was a suit against the United States and barred by sovereign immunity; (2) the court lacked personal jurisdiction over the non-Oregon defendants; and (3) the remainder of Jimenez's claims must be dismissed for failure to state a claim upon which relief may be granted. Jimenez timely appeals.
 
 II
 Merits
 A. Official Capacity
 
 7
 The district court properly dismissed Jimenez's claims against the defendants in their official capacities. A suit against a federal prison official in his official capacity is a suit against the United States. See Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982). No suit may be brought against the United States unless the United States waives its sovereign immunity and consents to be sued. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). The United States has not waived its sovereign immunity in Bivens actions.[1] See Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1985), cert. denied, 475 U.S. 1010 (1986). Here, Jimenez is seeking damages from defendants who were federal employees at the time these acts occurred. Thus, to the extent that defendants were sued in their official capacity, the district court properly concluded that Jimenez's claims were barred by sovereign immunity. See Gilbert, 756 F.2d at 1458-59; Arnsberg, 757 F.2d at 980.
 
 
 8
 Sovereign immunity, however, does not bar damage actions against federal officials in their individual capacity for violation of an individual's constitutional rights. Gilbert, 756 F.2d at 1459. We therefore turn to the district court's ruling on personal jurisdiction over the defendants.
 
 B. Personal Jurisdiction
 
 9
 The district court's determination that it lacks personal jurisdiction is a question of law which we review de novo. Bourassa v. Desrochers, 938 F.2d 1056, 1057 (9th Cir.1991). We review for clear error the district court's factual findings underlying this determination. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 10
 Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). To avoid dismissal, a plaintiff must make a prima facie showing of jurisdictional facts. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir.1987). Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir.1977).
 
 
 11
 Here, we agree with the district court that the exercise of personal jurisdiction over the non-Oregon defendants would be unreasonable because Jimenez's claims against these defendants did not arise from any forum-related activities in Oregon. See id.
 
 
 12
 C. Remaining Claims against Oregon Defendants
 
 
 13
 The district court stated in its order that it was dismissing the remainder of Jimenez's action for failure to state a claim upon which relief may be granted. It is apparent from the record, however, that in ruling on the defendants' motion to dismiss, the district court considered factual declarations from the defendants which had been submitted with the motion. If matters outside the pleadings are considered, the district court must treat a motion to dismiss under Rule 12(b)(6) as one for summary judgment under Rule 56. See Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). When the nonmoving party is pro se, the district court must give that party notice that a motion to dismiss will be treated as one for summary judgment and provide an opportunity to submit relevant material in opposition to summary judgment. Garaux v. Pulley, 739 F.2d 437, 438-40 (9th Cir.1984).
 
 
 14
 The district court also must advise pro se prisoner litigants of the requirements for summary judgment under Rule 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must inform a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. Id. at 411. This bright line rule applies to all pro se litigants no matter how legally sophisticated they may appear. Id.
 
 
 15
 Here, defendants' "motion to dismiss" was supported by the factual declarations of ten defendants regarding their actions during Jimenez's segregation, transfers, and grievances. In response, Jimenez filed a memorandum of law which did not address the merits of defendants' motion and was not supported by affidavits or other admissible evidence as required by Rule 56(e). The district court granted defendants' motion without advising Jimenez that it had converted the defendants' motion to dismiss into a summary judgment motion and without advising Jimenez of the requirements for summary judgment under Rule 56. Because Jimenez did not receive fair notice of the requirements of the summary judgment rule, we vacate the district court's dismissal of the remainder of Jimenez's action. See id.
 
 III
 Conclusion
 
 16
 We affirm the district court's order dismissing Jimenez's claims against all defendants in their official capacity. We also affirm the dismissal of the non-Oregon defendants from this action for lack of personal jurisdiction. We vacate the district court's order dismissing the claims against the Oregon defendants in their individual capacity for failure to state a claim upon which relief may be granted, and remand. On remand, the district court should advise Jimenez of the requirements of Rule 56 and give him an opportunity to respond to defendants' motion for summary judgment.[2]
 
 
 17
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jimenez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jimenez contends that the district court erred by determining that his case was a Bivens action because his amended complaint alleged jurisdiction under 28 U.S.C. Secs. 1331 and 1343. This contention lacks merit. "28 U.S.C. Sec. 1331 confers jurisdiction only where a federal question is otherwise at issue; it does not create federal jurisdiction." Ellis v. Cassidy, 625 F.2d 227, 229 (9th Cir.1980). "Similarly, 28 U.S.C. Sec. 1343 does not create an independent basis for federal jurisdiction, but only serves to confer jurisdiction where a federal cause of action is provided by one of the substantive sections of the Civil Rights Act." Id. Accordingly, the district court did not err by construing Jimenez's allegations that federal officials violated his civil rights as a Bivens action. See Bivens, 403 U.S. at 397 (a person injured by a federal officer's violation of the Constitution may seek redress in federal court)
 
 
 [2]
 Because we vacate and remand to allow Jimenez to oppose the motion for summary judgment, we do not reach the district court's ruling on the merits of Jimenez's claims