NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY R. WERNER; INCREDIBLE FEATURES, INC., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LANDON DOWLATSINGH; DOES, 1-50, inclusive, <br><br> Defendants-Appellees. | No. 18-56349 <br><br> D.C. No. 2:18-cv-03560-CAS-FFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted April 15, 2020
Pasadena, California

Before: BEA and BADE, Circuit Judges, and McCALLA,** District Judge.

Jeffrey Werner and Incredible Features, Inc., (collectively "Werner") allege

Landon Dowlatsingh infringed their copyrights by displaying their protected

photographs in videos Dowlatsingh uploaded to YouTube. Dowlatsingh lives and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

works in Canada and uploaded the allegedly infringing videos from Toronto to YouTube's Canadian platform. Werner filed this copyright infringement suit in the Central District of California, and two days later Dowlatsingh was served with the complaint and summons while he was attending a social media convention in Orlando, Florida. Dowlatsingh moved to dismiss the case for a lack of personal jurisdiction. Werner opposed but argued in the alternative that if the Central District of California lacked personal jurisdiction the case should be transferred to the Middle District of Florida. The district court held it lacked personal jurisdiction over Dowlatsingh, declined to transfer the case, and dismissed the complaint.

Werner appealed, and we have jurisdiction under 28 U.S.C. § 1291. We review the dismissal for a lack of personal jurisdiction de novo, *Easter v. Am. W. Fin.*, 381 F.3d 948, 956 (9th Cir. 2004), and the denial of the motion to transfer venue for an abuse of discretion, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). We affirm.

1.     Dowlatsingh was not subject to specific personal jurisdiction in California under the state's long arm statute, which authorizes the exercise of personal jurisdiction "to the full extent that such exercise comports with due process." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017); *see* Cal. Civ. Proc. Code § 410.10. For a court to have specific personal jurisdiction in an intentional tort or copyright case, "the defendant allegedly must have (1)

2

committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)). Dowlatsingh's alleged copyright violations were not expressly aimed at California, and thus, there was no specific personal jurisdiction over the matter.

Dowlatsingh's "suit related conduct"—allegedly displaying copyright protected photos via videos uploaded to YouTube from Toronto—did not "create a substantial connection with [California]," and Werner's claims otherwise are unavailing.[1] *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017). Neither Dowlatsingh's trips to California to attend VidCon, nor his sponsorship agreement with a California watch-making company, are related to the present suit and thus do not support an exercise of specific personal jurisdiction. Additionally, the visible watermark on the uploaded photos established only *Werner*'s "contacts with the defendant and forum" and did not show that Dowlatsingh's "conduct

---

[1] Amicus' arguments in support of specific personal jurisdiction in California also fail. Uploading a video to YouTube—which has its headquarters in San Bruno, California—is not an act expressly aimed at California simply because the company is based in the state. Amicus' additional argument relies on an assumed contract between YouTube and Dowlatsingh that is not in the record, and we do not address it.

connect[ed] him to the forum in a meaningful way." *Walden*, 571 U.S. at 289–90.

2.      For similar reasons, Dowlatsingh was not subject to personal jurisdiction in the Central District of California under Federal Rule of Civil Procedure 4(k)(2).[2] This rule allows any district court in the United States to exercise personal jurisdiction "[f]or a claim that arises under federal law," over a defendant who "is not subject to jurisdiction in any state's courts of general jurisdiction," so long as "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). To determine whether specific personal jurisdiction comports with due process requirements under this rule requires analysis that "is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendant] and the forum state, we consider contacts with the nation as a whole." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007). Uploading a video to YouTube from Canada is no more an act expressly

---

[2] (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2).

aimed at the United States as a whole than it is at California specifically, and Dowlatsingh's additional contacts with the United States, such as attending conventions outside of California, are not "suit related conduct" that could support an exercise of specific personal jurisdiction. *See Walden*, 571 U.S. at 284.

3. Even if we accept Werner's arguments that the minimum due process requirements for personal jurisdiction could be satisfied under a theory of nationwide "transient jurisdiction" in this case because Dowlatsingh was served with the complaint and summons while he was in Florida, *see Bourassa v. Desrochers*, 938 F.2d 1056, 1058 (9th Cir. 1991), the district court nevertheless lacked personal jurisdiction under Rule 4(k)(2). Personal jurisdiction under Rule 4(k)(2) is available only when "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2)(A). Dowlatsingh was subject to personal jurisdiction in Florida when he was served there, and thus this requirement for Rule 4(k)(2) personal jurisdiction was unmet. *See* 12A Fla. Jur. 2d Courts and Judges § 65 ("[Florida] [c]ourts have personal jurisdiction over a nonresident defendant when that nonresident defendant is properly served with service of process while that nonresident defendant is voluntarily present in the state.").[3]

---

[3] Our holding is not in tension with *Holland America*, in which we stated that Rule 4(k)(2) may be satisfied "absent any statement from [the defendant] that [he] is subject to the courts of general jurisdiction in another state." 485 F.3d at 462. First,

4. The district court did not abuse its discretion in declining to transfer the case to the Middle District of Florida rather than dismissing it outright. A district court lacking personal jurisdiction over the defendant may transfer the case to a district court where the case "could have been brought." 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). But Werner points to no example where a district court lacking personal jurisdiction has transferred a case in circumstances like those that exist here. Assuming that Werner is correct that the district court could have transferred the case to the Middle District of Florida (which itself is a questionable assumption), it does not follow that the failure to do so was an abuse of discretion.

---

Dowlatsingh concedes that he was subject to personal jurisdiction in Florida when he was served, though he does not concede that he would still be subject to personal jurisdiction in the state now. And perhaps more importantly, *Holland America* addressed whether the defendant would be subject to *specific* personal jurisdiction under Rule 4(k)(2), but Werner asserts that Dowlatsingh was subject to *general* personal jurisdiction—that is personal jurisdiction for claims unrelated to Dowlatsingh's contacts in the forum—based on his voluntary presence in Florida. To make an affirmative finding that a defendant is not subject to specific personal jurisdiction in any state for a given claim would require the court "to traipse through the 50 states, asking whether each could entertain the suit." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001). But the inquiry to determine whether the defendant was subject to general personal jurisdiction in any state, when the record is explicit that he was served while voluntarily present in a state, presents no such issue. Because Florida law allows its courts to exercise personal jurisdiction over anyone served while voluntarily present in the state, when Dowlatsingh was served with the complaint and summons for this case, there was a state in which he was subject to personal jurisdiction. Therefore, Rule 4(k)(2)'s requirement that "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction" was unmet. Fed. R. Civ. P. 4(k)(2)(A).

6

A decision to transfer a case rather than dismiss it is made by the district court "in the interest of justice." 28 U.S.C. § 1406(a). "Weighing of the factors for and against transfer involves subtle considerations . . . best left to the discretion of the trial judge," and "only in rare instances have appellate courts overridden a trial court's decision not to transfer." *Commodity Futures Trading Comm'n. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Here, there was no compelling reason to transfer the case to Florida, since the only potentially relevant connection to the state was that Dowlatsingh was served while he was there. The parties are not residents of Florida; witnesses are not in Florida; and relevant evidence is not in Florida. Therefore, we cannot say that the district court's decision to dismiss, rather than transfer, the case was "illogical, implausible, or [based on reasoning] without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**AFFIRMED.**